

# FILED

MAR 2 0 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY RAYMOND XAVIER
(Name of Plaintiff)
P.O. BOX 1050
(Address of Plaintiff)
SOLEDAD, CA. 93960-1050

2.09cv783 KJM P
(Case Number)

vs.

**COMPLAINT**

S.M. ROCHE, IN HIS INDIV-

IDUAL CAPACITY AS CHIEF MED-

ICAL OFFICER, M. FRENCH, IN
(Names of Defendants) (CONTINUED ON FOLLOWING PAGE)

I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner:    ☒ Yes    ☐ No

B. If your answer to A is yes, how many?: __ONE__ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff _GARY RAYMOND XAVIER_

Defendants _SERGEANT CUNNINGHAM (SAN FRANCISCO SHERIFF'S DEPT.), DEPUTY JASON (SAN FRANCISCO SHERIFF'S DEPT), DEPUTY SMITH (SAN FRANCISCO'S SHERIFF DEPARTMENT)._

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983        Rev'd 5/99

# 1 - COMPLAINT FORM

# ORIGINAL COPY OF 1983
## CIVIL SUIT

ENCLOSED: ✻ LETTER TO CLERK OF COURT ✻

✻ COMPLAINT - PGS. 1 THRU 3 ✻

✻ DEFENDANTS LIST - PGS. 3 THRU 13 ✻

✻ JURISDICTION - PAGE 13 ✻

✻ VENUE - PGS. 13 & 14 ✻

✻ PLAINTIFFS - PAGE 14 ✻

✻ STATEMENT OF CLAIM - PGS. 14 THRU 49 ✻

✻ EXHAUSTION OF LEGAL REMEDIES - PGS. 49 + 50 ✻

✻ CAUSES OF ACTION/LEGAL CLAIMS - PGS. 50 THRU 53 ✻

✻ STATUTE OF LIMITATIONS - PGS. 53 & 54 ✻

✻ PRAYER FOR RELIEF - PAGE 55 ✻

✻ VERIFICATION - PAGE 56 ✻

✻ MOTION FOR APPOINTMENT OF COUNSEL - PGS. 1 THRU 3 ✻

✻ ATTACHED LETTER FOR APPOINTMENT OF COUNSEL - PGS. 1 THRU 5 ✻

✻ CERTIFICATE OF SERVICE - PGS. 1 & 2 ✻

✻ ATTACHED EXHIBITS - "A" THRU "Z" ✻

✻ ATTACHED EXHIBITS - "AA" THRU "ZZ" ✻

✻ ATTACHED EXHIBITS - "AAA" THRU "GGG" ✻

— NAMES OF DEFENDANTS —

(CONTINUED FROM PREVIOUS PAGE- COVER SHEET-"CAPTION"

HIS/HER INDIVIDUAL CAPACITY AS A PHD, N.P., (NURSE PRACTITIONER),

J. FRIEND, IN HIS/HER INDIVIDUAL CAPACITY AS A R.N., (REGISTERED NURSE),

KIRK A. KAISER, IN HIS INDIVIDUAL CAPACITY AS A M.D., (MEDICAL DOCTOR),

D. HOLLAND, IN HIS INDIVIDUAL CAPACITY AS A P.T., (PHYSICAL THERAPIST)

L. DIAL, IN HIS/HER INDIVIDUAL CAPACITY AS A M.D., (MEDICAL DOCTOR),

D. CARBATT, IN HIS/HER INDIVIDUAL CAPACITY AS A R.N. (REGISTERED NURSE),

B. FLOUS, IN HIS/HER INDIVIDUAL CAPACITY AS AN M.T.A., (MEDICAL TECHNICIAN ASSISTANT)

D. HAHN, IN HIS INDIVIDUAL CAPACITY AS A CORRECTIONAL OFFICER,

C.O. DELGADO, IN HIS INDIVIDUAL CAPACITY AS A CORRECTIONAL OFFICER,

D. STALTER, IN HIS INDIVIDUAL CAPACITY AS A CORRECTIONAL OFFICER,

AND DOES 1-25, INCLUSIVE, (ALL DEFENDANTS ARE BEING SUED

IN THEIR INDIVIDUAL CAPACITIES),

DEFENDANTS.

NOTE: PLAINTIFF WOULD LIKE TO SUBMIT THAT SOME OF THE

PREVIOUSLY MENTIONED DEFENDANTS NAMES WERE DISCOVERED

THROUGH SIGNATURES ON PLAINTIFF'S MEDICAL DOCUMENTS.

SOME OF THE SIGNATURES WERE ILLEGIBLE, THEREFORE,

SOME DEFENDANTS NAMES MAY BE MISSPELLED.

2. Court (if Federal Court, give name of District; if State Court, give name of County)

*CALIFORNIA FEDERAL COURT - NORTHERN DISTRICT -*

3. Docket Number *UNKNOWN*

4. Name of judge to whom case was assigned *UNKNOWN) FEMALE*

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
*JURY TRIAL, ALL 3-DEFENDANTS WERE FOUND "NOT GUILTY".*

6. Approximate date of filing lawsuit *1999/2000*

7. Approximate date of disposition *200/*

## II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?  ☒ Yes  ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?

                                                          ☒ Yes  ☐ No

    If your answer is no, explain why not *N/A*

C. Is the grievance process completed?  ☒ Yes  ☐ No

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant *S.M. ROCHE, M.D.* is employed as *CHIEF MEDICAL OFFICER* at *HIGH DESERT STATE PRISON.*

B. Additional defendants *PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT S.M. ROCHE IS A PRO-PERLY TRAINED AND LICENSED MEDICAL DOCTOR WHO WAS RESPONS-IBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. THIS INCLUDED, BUT WAS NOT LIMITED TO, THE SUPERVISION, DIRECTION, AND/OR PROPER TRAINING OF THE MED-ICAL STAFF AT HIGH DESERT STATE PRISON) IN THE DELIVERY OF*
*(CONTINUED ON FOLLOWING PAGE-SEE ATTACHED)→*

## III. DEFENDANTS - (CONTINUED FROM PREVIOUS PAGE)

HEALTH CARE SERVICES AND THE MANAGEMENT OF HEALTH CARE PROGRAMS; INVOLVEMENT IN THE DETERMINATION OF PROPER MEDICAL CARE FOR INMATES, INCLUDING, BUT NOT LIMITED TO, HAVING AUTHORITY TO ORDER AND APPROVE MEDICAL TESTS AND TREATMENTS TO BE DONE; HAVING AUTHORITY TO ASSURE THAT INMATES WHO ARE TRANSFERRED TO OTHER INSTITUTIONS RECEIVE CONTINUING PROPER MEDICAL CARE; HAVING AUTHORITY AND RESPONSIBILITY FOR ASSURING THE PROPER ORDERING AND STOCKING OF MEDICAL SUPPLIES; COMMUNICATION OF MEDICAL NEEDS TO THE CORRECTIONAL CUSTODY STAFF, AND, GENERALLY, MAKING SURE THAT PROPER MEDICAL TREATMENT IS PROVIDED TO ALL INMATES. PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT S.M. ROCHE WAS RESPONSIBLE FOR ASSURING THAT HIGH DESERT STATE PRISONS MEDICAL STAFF, AND ALL OTHER MEDICAL PROVIDERS WITH WHOM THE CALIFORNIA DEPT. OF CORRECTIONS + REHABILITATION CONTRACTED IN PROVIDING MEDICAL CARE TO INMATES AT HIGH DESERT STATE PRISON, PROVIDED PROPER MEDICAL CARE TO THE INMATES, AND THAT ALL SUCH INDIVIDUALS KNEW AND UNDERSTOOD AND ACTED PURSUANT TO CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (HENCEFORTH ABBREVIATED AS C.D.C.R.) POLICY. AT ALL TIMES MENTIONED DEFENDANT S.M. ROCHE WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED HEREIN IN HIS INDIVIDUAL CAPACITIES

2. DEFENDANT M. FRENCH, N.P. IS EMPLOYED AS A NURSE PRACTITIONER AT HIGH DESERT STATE PRISON. DEFENDANT M. FRENCH IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A NURSE PRACTITIONER AT HIGH DESERT STATE

R. L. Owens
American Inmate
Paralegal Association

- DEFENDANTS LIST -     4. (CONTINUED ON FOLLOWING PAGE-SEE ATTACHED) →

III. DEFENDANTS-(CONTINUED FROM PREVIOUS PAGE)

1 PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON

2 ALLEGES, THAT DEFENDANT M. FRENCH IS A PROPERLY TRAINED AND

3 LICENSED NURSE PRACTITIONER WHO IS AND HAS BEEN RESPONSIBLE

4 FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE

5 PRISON. AT ALL TIMES MENTIONED DEFENDANT M. FRENCH WAS

6 PRISON. AT ALL TIMES MENTIONED DEFENDANT M. FRENCH WAS

7 ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF

8 HIS/HER EMPLOYMENT, AND IS SUED IN HIS/HER INDIVIDUAL

9 CAPACITIES.

10    3. DEFENDANT J. FRIEND R.N. IS EMPLOYED AS A REGISTERED

11 NURSE AT HIGH DESERT STATE PRISON. DEFENDANT J. FRIEND, RN.

12 IS AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE

13 C.D.C.R. AS A REGISTERED NURSE AT HIGH DESERT STATE PRISON.

14 PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES,

15 THAT DEFENDANT J. FRIEND IS A PROPERLY TRAINED AND LIC-

16 ENSED REGISTERED NURSE WHO IS AND HAS BEEN RESPONSIBLE

17 FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE

18 PRISON. AT ALL TIMES MENTIONED DEFENDANT J. FRIEND WAS

19 ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF

20 HIS/HER EMPLOYMENT, AND IS SUED IN HIS/HER INDIVIDUAL

21 CAPACITIES.

22    4. DEFENDANT KIRK A. KAISER M.D. IS EMPLOYED AS A

23 MEDICAL DOCTOR/ORTHOPEDIC SURGEON AT RENO ORTHOPEDIC

24 CLINIC. DEFENDANT KIRK A. KAISER M.D. IS, AND AT ALL

25 TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS

26 A CONTRACTED, CONSULTANT AND SPECIALTY SERVICES PROVIDER.

27 PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES,

28 THAT DEFENDANT KIRK A. KAISER IS A PROPERLY TRAINED AND

-DEFENDANTS LIST-    5. (CONTINUED ON FOLLOWING PAGE-SEE ATTACHED)→

E. L. Owens
American Inmate
Paralegal Association

# III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

LICENSED MEDICAL DOCTOR WHO IS AND HAS BEEN RESPONSIBLE FOR THE MEDICAL CARE OF CERTAIN REFERRED INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT KIRK A. KAISER WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED HEREIN IN HIS INDIV-IDUAL CAPACITIES.

5. DEFENDANT D. HOLLAND P.T. IS EMPLOYED AS A PHYSICAL THERAPIST AT HIGH DESERT STATE PRISON. DEFENDANT D. HOLLAND P.T. IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A PHYSICAL THERAPIST AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT D. HOLLAND IS A PROPERLY TRAINED AND LICENSED PHYSICAL THERAPIST WHO IS AND HAS BEEN RES-PONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DES-ERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT D. HOLLAND WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED IN HIS INDIVIDUAL CAPACITIES.

6. DEFENDANT L. DIAL M.D. IS EMPLOYED AS A MEDICAL DOCTOR AT HIGH DESERT STATE PRISON. DEFENDANT L. DIAL M.D. IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A PHYSICIAN AND SURGEON AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT L. DIAL IS A PROPERLY TRAINED AND LICENSED MEDICAL DOCTOR WHO IS AND HAS BEEN RESPONS-IBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT L. DIAL

- DEFENDANTS LIST -           6.     (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

R. L. Owens
American Inmate
Paralegal Association

# III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS/HER EMPLOYMENT, AND IS SUED IN HIS/HER INDIVIDUAL CAPACITIES.

7. DEFENDANT D. CARBATT R.N. IS EMPLOYED AS A REGISTERED NURSE AT HIGH DESERT STATE PRISON. DEFENDANT D. CARBATT R.N. IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A REGISTERED NURSE AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT D. CARBATT IS A PROPERLY TRAINED AND LICENSED REGISTERED NURSE WHO IS AND HAS BEEN RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT D. CARBATT WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE, AND SCOPE OF HIS/HER EMPLOYMENT AND IS SUED IN HIS/HER INDIVIDUAL CAPACITIES.

8. DEFENDANT B. FLOUS WAS EMPLOYED AS A MEDICAL TECHNICIAN ASSISTANT AT HIGH DESERT STATE PRISON. DEFENDANT B. FLOUS M.T.A. WAS DURING THE TIME RELEVANT HEREIN EMPLOYED BY THE C.O.C.R. AS A MEDICAL TECHNICIAN ASSISTANT (M.T.A.) AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT B. FLOUS IS NO LONGER AN M.T.A. AT HIGH DESERT STATE PRISON DUE TO THE FACT THAT ALL M.T.A. POSITIONS IN C.D.C.R. HAVE BEEN DISMISSED FROM SERVICE. AS NECESSARY, PLAINTIFF WILL AMEND THIS PLEADING TO ALLEGE THE SPECIFIC TIME-FRAME OF DEFENDANT B. FLOUS' SERVICE AT HIGH DESERT STATE PRISON WHEN IT IS ASCERTAINED. PLAINTIFF IS FURTHER

-DEFENDANTS LIST-        7.    (CONTINUED ON FOLLOWING PAGE· SEE ATTACHED)➔

H. L. Owens
American Inmate
Paralegal Association

## III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT B. FLOUS WAS A PROPERLY TRAINED AND LICENSED MEDICAL TECHNICIAN ASSISTANT WHO WAS RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT B. FLOUS WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS/HER EMPLOYMENT, AND IS SUED IN HIS/HER INDIVIDUAL CAPACITIES.

9. DEFENDANT D. HAHN IS EMPLOYED AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. DEFENDANT IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT D. HAHN IS A PROPERLY TRAINED CORRECTIONAL OFFICER WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND OVER ALL WELL BEING OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT D. HAHN WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED IN HIS INDIVIDUAL CAPACITIES.

10. DEFENDANT DELGADO IS EMPLOYED AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. DEFENDANT IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT DELGADO IS A PROPERLY TRAINED CORRECTIONAL OFFICER WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND OVER-ALL WELL-BEING OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL

K. L. Owens
American Inmate
Paralegal Association

- DEFENDANTS LIST -      8.      (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED)→

## III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

TIMES MENTIONED DEFENDANT DELGADO WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED IN HIS INDIVIDUAL CAPACITIES.

11. DEFENDANT D. STALTER IS EMPLOYED AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. DEFENDANT D. STALTER IS, AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED BY THE C.D.C.R. AS A CORRECTIONAL OFFICER AT HIGH DESERT STATE PRISON. PLAINTIFF IS INFORMED AND BE-LIEVES, AND THEREON ALLEGES, THAT DEFENDANT D. STALTER IS A PROPERLY TRAINED CORRECTIONAL OFFICER WHO IS AND HAS BEEN RESPONSIBLE FOR THE SAFETY, SECURITY, AND OVERALL WELL-BEING OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED DEFENDANT D. STALTER WAS ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF HIS EMPLOYMENT, AND IS SUED IN HIS INDIVIDUAL CAPACITY.

12. DEFENDANTS DESIGNATED HEREIN AS DOES 1 THROUGH 5, INCLUSIVE, CONSIST OF ANY AND ALL SUCCESSORS OF DEFENDANT, SECRETARY OF THE CAL-IFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (DIRECTOR) JAMES TILTON WHETHER IN "ACTING" CAPACITY OR OTHERWISE. AS ACTING SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (ACTING DIRECTOR) AND AS SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (DIRECTOR), DOES 1 THROUGH 5 ARE RESPONSIBLE FOR PROMULGATING, SUPERVISING THE PROMULGATION OF, IMPLEMENTING, SUPERVISING THE IMPLEMENTATION OF, MONITORING THE COMPLIANCE WITH, SUPERVISING THE MONITORING OF COMP-LIANCE WITH, ENFORCING AND/OR SUPERVISING THE ENFORCEMENT OF POL-ICIES AND PROCEDURES AFFECTING THE MEDICAL CARE OF ALL INMATES WITHIN THE C.D.C.R. THESE DEFENDANTS ARE ALSO RESPONSIBLE FOR ASSURING THAT ALL INMATES RECEIVE PROPER MEDICAL (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →



H. L. Owens
American Inmate
Paralegal Association

- DEFENDANTS LIST-          9. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

# III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

CARE, INCLUDING PROPER DIAGNOSIS AND TREATMENT. AT ALL TIMES
MENTIONED THESE DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW),
IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT AND ARE SUED HEREIN IN
THEIR INDIVIDUAL CAPACITY. THE TRUE NAMES AND CAPACITIES OF SAID
DOES 1 THROUGH 5 ARE PRESENTLY UNKNOWN (OTHER THAN JAMES TILTON WHO
WAS SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
(DIRECTOR OF CORRECTIONS) THROUGHOUT THE DELIBERATE INDIFFERENCE TO
PLAINTIFF'S SERIOUS MEDICAL NEEDS) TO PLAINTIFF, WHO THEREFORE SUES
THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK TO LEAVE TO AMEND
THIS COMPLAINT TO ADD THEIR TRUE NAMES AND CAPACITIES WHEN THEY
HAVE BEEN ASCERTAINED.

13. DEFENDANTS DESIGNATED HEREIN AS DOES 6 AND 7, INCLUSIVE, CON-
SIST OF INDIVIDUALS OTHER THAN ACTING SECRETARY OF THE CALIFORNIA DEPART-
MENT OF CORRECTIONS & REHABILITATION (ACTING DIRECTOR) OR SECRETARY OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (DIRECTOR) WHO WERE OR
ARE CURRENTLY EMPLOYED BY THE C.D.C.R. AND ARE RESPONSIBLE FOR THE MED-
ICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. TWO MEDICAL
DOCTORS WHO FAILED TO GENERATE AND SUBMIT "HEALTH CARE SERVICES PHY-
SICIAN REQUEST FOR SERVICES" FORMS ON 5-30-06 AND 6-23-06 FOR PHY-
SICAL THERAPY AS ORDERED BY ORTHOPEDIC SURGEON. PLAINTIFF IS IN-
FORMED AND BELIEVES, AND THEREON ALLEGES, THAT DOES 6 & 7 ARE PROPERLY
TRAINED AND LICENSED MEDICAL DOCTORS WHO ARE AND HAVE BEEN RESPON-
SIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE
PRISON. AT ALL TIMES MENTIONED THESE DEFENDANTS WERE ACTING UNDER
COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT,
AND ARE SUED HEREIN IN THEIR INDIVIDUAL CAPACITIES.
THE TRUE NAMES AND CAPACITIES OF SAID ⟶



-DEFENDANTS LIST-

10. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED) ⟶

R. L. Owens
American Inmate
Paralegal Association

**III. DEFENDANTS** (CONTINUED FROM PREVIOUS PAGE)

1. DOES 6 AND 7 ARE PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD THEIR TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.

14. DEFENDANTS DESIGNATED HEREIN AS DOES 8 THROUGH 10, IN-CLUSIVE, CONSIST OF INDIVIDUALS OTHER THAN ACTING SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (ACTING DIRECTOR), SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (DIR-ECTOR) (DOES 1-5), OR THE TWO MEDICAL DOCTORS WHO FAILED TO GENERATE AND SUBMIT "HEALTH CARE SERVICES PHYSICIAN REQUEST FOR SERVICES" FORMS ON 5-30-06 AND 6-23-06 (DOES 6 + 7), WHO WERE OR ARE CURRENTLY EM-PLOYED BY THE C.D.C.R. AND ARE RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. THREE MEDICAL DEPARTMENT PERSONELL WHO SIGNED MEDICAL DOCUMENTS WITH ILLEGIBLE SIGNATURES ON EXHIBITS "I," "J," AND "Q". THESE DEFENDANTS ARE RESPONSIBLE FOR ASSURING THAT ALL INMATES AT HIGH DESERT STATE PRISON RECEIVE PROPER MEDICAL CARE. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DOES 8 THROUGH 10 ARE PROPERLY TRAINED AND LICENSED MEDICAL PERSONELL WHO ARE AND HAVE BEEN RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT STATE PRISON. AT ALL TIMES MENTIONED THESE DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR INDIVIDUAL CAPACITIES. THE TRUE NAMES AND CAPACITIES OF SAID DOES 8 THROUGH 10 ARE PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD THEIR TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.



A. L. Owens
American Inmate
Paralegal Association

- DEFENDANTS LIST -   11. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

15. DEFENDANTS DESIGNATED HEREIN AS DOES 11 THROUGH 25, INCLUS-
IVE CONSIST OF INDIVIDUALS OTHER THAN ACTING SECRETARY OF THE CAL-
IFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (ACTING DIRECTOR),
SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS + REHABILITATION
(DIRECTOR) (DOES 1-5), THE TWO MEDICAL DOCTORS WHO FAILED TO GENERATE AND
SUBMIT "HEALTH CARE SERVICE'S PHYSICIAN REQUEST FOR SERVICES" FORMS ON
5-30-06 AND 6-23-06 (DOES 6+7), OR THE THREE MEDICAL DEPARTMENT PERSONELL
WHO SIGNED MEDICAL DOCUMENTS (EXHIBITS-"I","J",+"Q") WITH ILLEGIBLE SIG-
NATURES (DOES 8 THROUGH 10), WHO WERE OR ARE CURRENTLY EMPLOYED BY THE C.D.C.R.
AND ARE RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT HIGH DESERT
STATE PRISON, INCLUDING BUT NOT LIMITED TO, THE SUPERVISION, DIRECTION
AND/OR PROPER TRAINING OF THE MEDICAL STAFF AT HIGH DESERT STATE PRISON IN
THE DELIVERY OF HEALTH CARE SERVICES AND THE MANAGEMENT OF HEALTH CARE PRO-
GRAMS; INVOLVEMENT IN THE DETERMINATION OF PROPER MEDICAL
CARE FOR INMATES, INCLUDING, BUT NOT LIMITED TO, HAVING
AUTHORITY TO ORDER AND APPROVE MEDICAL TESTS AND TREATMENTS
TO BE DONE, HAVING AUTHORITY TO ASSURE THAT INMATES WHO ARE
TRANSFERRED TO OTHER INSTITUTIONS RECEIVE CONTINUING.
PROPER MEDICAL CARE, HAVING AUTHORITY AND RESPONSIBIL-
ITY FOR ASSURING THE PROPER ORDERING AND STOCKING OF
MEDICAL SUPPLIES; COMMUNICATION OF MEDICAL NEEDS TO
THE CORRECTIONAL CUSTODY STAFF, AND, GENERALLY, MAKING
SURE THAT PROPER MEDICAL TREATMENT IS PROVIDED TO
ALL INMATES. PLAINTIFF IS INFORMED AND BELIEVES, AND
THEREON ALLEGES, EACH OF THESE DOE DEFENDANTS 11 THROUGH
25 IS RESPONSIBLE IN SOME MANNER FOR THE INJURIES ALLEGED
IN THIS COMPLAINT. AT ALL TIMES MENTIONED HEREIN THESE

—DEFENDANTS LIST—          12. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →



K. L. Owens
American Inmate
Paralegal Association

## III. DEFENDANTS (CONTINUED FROM PREVIOUS PAGE)

DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR INDIVIDUAL CAPACITIES. THE TRUE NAMES AND CAPACITIES OF SAID DOES 11 THROUGH 25 ARE PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD THEIR TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.

* RELEVANT TO THE EVENTS DESCRIBED HEREIN EACH DEFENDANT IS SUED INDIVIDUALLY AND AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## —JURISDICTION—

16. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3). THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS STATE LAW CLAIMS UNDER 28 U.S.C. SECTION 1367. A GOVERNMENT CLAIM WAS PRESENTED ON 4.10.07 TO THE "CALIFORNIA VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD" AND REJECTED BY THE STATE BOARD OF CONTROL. PLAINTIFF SEEKS MONEY DAMAGES RELIEF.

## —VENUE—

17. THE EASTERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (b)(2) BECAUSE A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THIS CLAIM OCCURRED IN THIS DISTRICT.

18. THIS IS A COMPLAINT FOR MONETARY DAMAGES FOR DEF—

— JURISDICTION AND VENUE—        13.     (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) ——>

R. L. Owens
American Inmate
Paralegal Association

1  ENDANTS DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL

2  NEEDS OF PLAINTIFF GARY RAYMOND XAVIER DURING HIS CONFINE-

3  MENT BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHAB-

4  ILITATION (C.D.C.R.) AT HIGH DESERT STATE PRISON IN SUSANVILLE.

5         - PLAINTIFFS -

6    19. PLAINTIFF, GARY RAYMOND XAVIER, IS AND WAS AT ALL

7  TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF CALIFORNIA

8  IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS

9  AND REHABILITATION (INCLUDING HIGH DESERT STATE PRISON). HE

10 IS CURRENTLY CONFINED IN SALINAS VALLEY STATE PRISON, IN

11 SOLEDAD, CALIFORNIA. AT ALL TIMES DURING HIS INCARCERAT-

12 ION, PLAINTIFF HAS RELIED ON THE MEDICAL CARE PROVIDERS AT

13 C.D.C.R. PRISONS TO PROVIDE HIM WITH THE NECESSARY MEDICAL

14 CARE.

15    20. PETITIONER [PLAINTIFF] IS NOT REQUESTING INJUNCTIVE OR DECLARAT-

16 ORY RELIEF BECAUSE "THE TOLLING" OF THE ONE YEAR STATUTE OF

17 LIMITATIONS DUE TO IMPRISONMENT AVAILABLE TO PRISONERS

18 SERVING A "TERM LESS THAN LIFE" DOES NOT APPLY TO CIVIL

19 RIGHTS CLAIMS THAT REQUEST INJUNCTIVE OR DECLARATORY

20 RELIEF. THEREFORE PLAINTIFF WOULD HAVE HAD TO FILE THIS

21 CLAIM WITHIN ONE YEAR OF WHEN THE CAUSE OF ACTION ACCRUED

22 TO REQUEST INJUNCTIVE OR DECLARATORY RELIEF (CODE OF CIVIL PRO-

23 CEDURE 352.1 (c)), WHICH HE FAILED TO DO.

24        - IV. STATEMENT OF CLAIM -

25    21. PETITIONER [PLAINTIFF] WILL SHOW THAT HIGH DESERT STATE PRISONS

26 OFFICIALS AND MEDICAL STAFF TREATED HIM WITH DELIBERATE

27 INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS. PETITIONER [PLAINTIFF] WILL

28 ALSO PROVE THAT DUE TO THE DELIBERATE INDIFFERENCE TO SERIOUS

PLAINTIFF + STATEMENT OF CLAIM -   14. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED)

JL. L. Owens
American Inmate
Paralegal Association

1 MEDICAL NEEDS HE WAS EXPOSED TO THE UNNECESSARY AND WANTON

2 INFLICTION OF PAIN. PLAINTIFF'S SERIOUS MEDICAL NEEDS WERE DIA-

3 GNOSED BY HIS SURGEON/PHYSICIAN AS MANDATING TREATMENT AND

4 POST-OPERATIVE CARE WHICH WAS DENIED AND/OR INTENTIONALLY

5 DELAYED AT HIGH DESERT STATE PRISON. THE FAILURE TO TREAT

6 PLAINTIFF'S SERIOUS MEDICAL NEEDS RESULTED IN FURTHER SIGNIF-

7 ICANT INJURY AND THE UNNECESSARY AND WANTON INFLICTION OF

8 PAIN. PLAINTIFF WILL ALSO SHOW HOW PRISON GUARDS AND MEDICAL

9 PERSONNEL AT HIGH DESERT STATE PRISON INTENTIONALLY INTERFER-

10 ED WITH HIS TREATMENT ONCE PRESCRIBED/ORDERED.

11     22. ON 5·19·06, PLAINTIFF WAS INVOLVED IN A MUTUAL COMBAT

12 ALTERCATION WHERE HE FRACTURED A JOINT IN HIS RIGHT RING

13 FINGER WHILE DEFENDING HIMSELF. ON 5·26·06, PLAINTIFF WAS

14 SCHEDULED FOR SURGERY BY PRISON OFFICIALS AND THE MEDICAL

15 DEPARTMENT AT HIGH DESERT STATE PRISON WITH DEFENDANT

16 KIRK A· KAISER (OF RENO ORTHOPEDIC CLINIC, 555 NORTH ARLINGTON

17 AVE., RENO, NEVADA 89503-4724) TO REPAIR A FRACTURED JOINT IN

18 HIS RIGHT RING FINGER (SEE ATTACHED EXHIBIT-H, "IMAGING

19 STUDIES AND PLAN"). THE SURGERY WAS SCHEDULED TO TAKE

20 PLACE ON 5·30·06. (SEE ATTACHED EXHIBIT-A, "CDC-128-C DATED 5·26·06").

21     23. PLAINTIFF WAS REFERRED FOR SURGERY BY DR. SVENDSEN

22 AT HIGH DESERT STATE PRISON (SEE ATTACHED EXHIBIT-A, "REFERRING

23 H.D.S.P. PHYSICIAN"). IN TURN, THE DEFENDANT, CHIEF MEDICAL

24 OFFICER, S.M. ROCHE REFERRED PLAINTIFF TO THE MEDICAL DOCTOR/

25 ORTHOPEDIC SURGEON, DEFENDANT KIRK A· KAISER (SEE ATTACHED EX-

26 HIBIT-G, "REFERRING PHYSICIAN").

27     24. THE SURGERY WAS PERFORMED AS SCHEDULED ON 5·30·06 AT

28 NORTHERN NEVADA MEDICAL CENTER (2375 E. PRATER WAY, SPARKS, NV.

K. L. Owens
American Inmate
Paralegal Association

-STATEMENT OF CLAIM-      15. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

1 89509) WITH NO COMPLICATIONS OR SERIOUS SIDE EFFECTS. THE

2 DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS BEGAN UPON

3 PLAINTIFF'S RETURN TO HIGH DESERT STATE PRISON WITH POST-

4 OPERATIVE CARE ORDERS.

5    25. PRIOR TO PLAINTIFF'S SURGERY ON 5.30.06, THE ORTHOPEDIC

6 SURGEON (DEFENDANT KIRK A. KAISER) EXPLAINED TO PLAINTIFF THAT

7 THE RETURN OF FLEXIBILITY, MOBILITY AND STRENGTH TO THE RIGHT

8 RING FINGER WOULD BE IN DIRECT RELATION TO HOW WELL PLAINTIFF

9 PERFORMED WITH PHYSICAL THERAPY FOLLOWING THE INVASIVE SUR-

10 GERY. PLAINTIFF'S NURSE AT NORTHERN NEVADA MEDICAL CENTER RE-

11 ITERATED THESE FACTS FOLLOWING THE SURGERY PRIOR TO PLAINTIFF'S

12 RETURN TO HIGH DESERT STATE PRISON. BOTH THE NURSE AND SURGEON

13 (DEFENDANT KIRK A. KAISER) INSTRUCTED PLAINTIFF TO BEGIN SLOWLY

14 FLEXING AND MOVING THE SURGICALLY REPAIRED JOINT (RIGHT

15 RING FINGER) AND HAND AS SOON AS POSSIBLE FOLLOWING THE SURGERY.

16 (HENCE THE NEED FOR PAINKILLING MEDICATION WAS TWOFOLD, FIRST,

17 TO RELIEVE PAIN AND SUFFERING FOLLOWING INVASIVE SURGERY, AND

18 SECONDLY, TO ALLOW FOR FLEXING AND STRETCHING THE TENDER AND

19 PAINFUL JOINT (PHYSICAL THERAPY) IMMEDIATELY FOLLOWING IN-

20 VASIVE SURGERY).

21    26. UPON RETURN TO HIGH DESERT STATE PRISON LATER THAT

22 SAME DAY (FOLLOWING SURGERY ON 5.30.06), ALL POST-OPERATIVE CARE

23 INSTRUCTIONS WERE FORWARDED TO HIGH DESERT STATE PRISON BY

24 PLAINTIFF'S ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER). THE

25 RECOMMENDATIONS FROM THE ORTHOPEDIC SURGEON CLEARLY STATE

26 "ROM OF FINGER" (NOTE: R.O.M. STANDS FOR RANGE OF MOTION) "VICODIN

27 4 TO 6 HOURS FOR PAIN", "KEFLEX 500 M.G.", AND A "FOLLOW-UP APPOINT-

28 MENT." THIS INFORMATION WAS DOCUMENTED BY A REGISTERED NURSE

K. L. Owens
American Inmate
Paralegal Association

1  AT HIGH DESERT STATE PRISON ON 5-30-06 AT 1530 HOURS
2  WHO FAILED TO SIGN HIS/HER NAME LEGIBLY. THIS INFORMATION
3  WAS DOCUMENTED ON A INTERDISCIPLINARY PROGRESS NOTE WHICH ALSO
4  CLEARLY STATES THAT THE PATIENT (PLAINTIFF GARY R. XAVIER)WAS
5  EDUCATED AND A DISCUSSION WAS HAD PERTAINING TO THE MOVEMENT
6  OF THE SURGICALLY REPAIRED DIGIT. THIS PROGRESS NOTE PROVES
7  THAT THE UNKNOWN REGISTERED NURSE WAS AWARE OF THE NEED FOR
8  PHYSICAL THERAPY AND PAINKILLING MEDICATION. (SEE ATTACHED EXH-
9  IBIT-I, "INTERDISCIPLINARY PROGRESS NOTES"). ALSO SEE ATTACHED
10 EXHIBIT-K, "HEALTH CARE SERVICES PHYSICIAN REQUEST FOR SERVICES"
11 THAT STATES THE PREVIOUSLY MENTIONED INFORMATION (ON THE INTER-
12 DISCIPLINARY PROGRESS NOTE-EXHIBIT-I) WHICH IS SIGNED BY
13 DEFENDANT REGISTERED NURSE D. CARBATT AND THE CONSULTANTS SIG-
14 NATURE, DEFENDANT KIRK A. KAISER.
15      27. ALSO, UPON RETURN FROM SURGERY ON 5-30-06, AS YET UNNAMED
16 DEFENDANT (MEDICAL EMPLOYEE) AT HIGH DESERT STATE PRISON FAILED TO
17 GENERATE A "PHYSICIAN REQUEST FOR SERVICES" FORM FOR PHYSICAL TH-
18 ERAPY AS ORDERED BY THE ORTHOPEDIC SURGEON, DEFENDANT KIRK A.
19 KAISER (SEE ATTACHED EXHIBITS-"I" AND "K") AND A "NON-FORMULARY
20 MEDICATION REQUEST" (FOR PRESCRIBED PAIN MEDICATION-VICODIN-).
21 DUE TO THIS FAILURE, PLAINTIFF NEVER RECEIVED ORDERED PHYSICAL
22 THERAPY AND ORDERED PAIN MEDICATION BY THE ORTHOPEDIC SUR-
23 GEON (DEFENDANT KIRK A. KAISER).
24      28. ON 5-30-06, UPON RETURN FROM SURGERY, THE DEFENDANT,
25 NURSE PRACTITIONER M. FRENCH (AT HIGH DESERT STATE PRISON)
26 WHO DID NOT PARTICIPATE IN PLAINTIFF'S SURGERY MADE THE
27 DECISION TO CHANGE PLAINTIFF'S ORDERED PAINKILLING MED-
   ICATION FROM "VICODIN EVERY 4 TO 6 HRS. AS NEEDED" (SEE ATT-

/K. L. Owens
American Inmate
Paralegal Association

-STATEMENT OF CLAIM-       17. (CONTINUED ON FOLLOWING PAGE-SEE ATTACHED) →

ACHED EXHIBITS "I" AND "K") TO "IBUPROFEN AND ACETAMIN-
OPHEN" (SEE ATTACHED EXHIBIT-J, "PHYSICIANS ORDERS"). THIS
DECISION AND ORDER WAS PARTIALLY RESPONSIBLE FOR THE UN-
NECESSARY AND WANTON INFLICTION OF PAIN THAT PLAINTIFF
SUFFERED.

29. MEDICAL DOCUMENTS (SEE ATTACHED EXHIBITS- "I", "J" AND "K")
WERE GENERATED DIRECTLY FOLLOWING PLAINTIFFS RETURN
FROM SURGERY TO REPAIR A FRACTURED JOINT WHERE TWO
SURGICAL SCREWS WERE DRILLED INTO BONE AND CLEARLY
SHOW THREE SEPARATE MEDICAL PERSONELL (TWO REGISTERED
NURSES AND ONE NURSE PRACTITIONER) AT HIGH DESERT STATE
PRISON AND THE CONSULTANT'S SIGNATURE (DEFENDANT KIRK A.
KAISER) WHO WERE AWARE OF PLAINTIFFS NEED FOR AN ORDERED
PAINKILLING MEDICATION.

30. UPON RETURN TO HIGH DESERT STATE PRISONS MEDICAL
UNIT (C.T.C." - ABBREVIATION FOR CORRECTIONAL TREATMENT CENTER)
FOLLOWING SURGERY PLAINTIFF WAS TOLD BY AN UNKNOWN MEDICAL
DEPARTMENT MEMBER THAT HE WOULD NOT BE RECEIVING THE
PAIN MEDICATION THAT HIS SURGEON (DEFENDANT KIRK A. KAISER)
ORDERED BUT THAT THE PRISONS MEDICAL DEPARTMENT WOULD
PROVIDE IBUPROFEN AND TYLENOL IN ITS PLACE. WHEN PLAIN-
TIFF WAS INFORMED OF THIS DECISION HE IMMEDIATELY
STARTED PANICKING AND EXPERIENCED SEVERE ANXIETY DUE TO THE
FACT THAT HE HAD PREVIOUSLY EXPERIENCED INVASIVE SURGERY
PRIOR IN LIFE AND WAS WELL AWARE OF THE EXCRUCIATING
PAIN THAT WOULD BE EXPERIENCED AFTER THE SURGICAL ANES-
THESIA COMPLETELY DISSIPATED. PLAINTIFF EXPLAINED TO
MEDICAL STAFF AT C.T.C. (CORRECTIONAL TREATMENT CENTER) THE

K. L. Ovens
American Inmate
Paralegal Association

1  FACT THAT HE HAD EXPERIENCED THE EXTREME PAIN FOLLOWING
2  INVASIVE SURGERY PRIOR IN LIFE AND WAS WELL AWARE OF
3  THE NEED FOR THE ORDERED PAINKILLING MEDICATION (VICODIN).
4  PLAINTIFF WAS TOLD THAT IF MEDICAL STAFF COULD HOUSE HIM
5  IN C.T.C. (CORRECTIONAL TREATMENT CENTER) THEY COULD DISPENSE
6  CODEINE BUT THAT THERE WAS NO BED-SPACE AVAILABLE IN C.T.C.
7  AT THAT TIME, THEREFORE PLAINTIFF HAD TO BE RETURNED TO
8  HIS CELL IN ADMINISTRATIVE SEGREGATION WHERE HE WOULD
9  RECEIVE IBUPROFEN AND TYLENOL FOR HIS PAIN AS OPPOSED TO
10 THE RECOMMENDED VICODIN. ATTACHED EXHIBIT- J "PHYSICIAN'S
11 ORDERS" CLEARLY SHOWS WHERE DEFENDANTS M. FRENCH (NURSE PRAC-
12 TITIONER) AND ANOTHER MEDICAL DEPARTMENT STAFF MEMBER (WHO
13 SIGNED THE MEDICAL DOCUMENT ILLEGIBLY) CHANGED PLAINTIFFS
14 SURGEONS (DEFENDANT KIRK A. KAISER) ORDER FOR VICODIN TO IBUA-
15 PROFEN AND ACETAMINOPHEN.
16      31. PLAINTIFF EXPLAINED TO MEDICAL PERSONELL AT C.T.C (CORRECT-
17 IONAL TREATMENT CENTER) THAT PRISON OFFICIALS AND MEDICAL
18 PERSONELL CANNOT MAKE DECISIONS ON DISPENSING ORDERED
19 PAINKILLING MEDICATION DEPENDING ON WHETHER OR NOT THERE
20 IS BED AVAILABILITY IN CERTAIN SECTIONS OF A PRISON.
21 FURTHERMORE, IF THE COURT EXAMINES ATTACHED EXHIBIT- Z,
22 "INMATE/PAROLEE APPEAL FORM," SECTION "C"- INFORMAL LEVEL,
23 THE COURT WILL NOTICE THAT MEDICAL STAFF RESPONSE BY
24 K. MAYO (HEALTH PROGRAM COORDINATOR) ON THE INFORMAL LEVEL
25 STATES, "THE VICODIN ORDERED BY THE SPECIALIST IS NOT
26 PROVIDED HERE AT H.D.S.P., DUE TO OUR FORMULARY RESTRICTIONS."
27 IF IN FACT HIGH DESERT STATE PRISON HAS A POLICY PROHIB-
28 ITING THE DISPENSING OF ORDERED AND/OR PRESCRIBED PAIN-

— STATEMENT OF CLAIM —      19. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) —→

R. L. Owens
American Inmate
Paralegal Association

1 KILLING MEDICATIONS FOLLOWING SURGERY, THE PRISON MUST

2 HAVE A POLICY IN PLACE MAKING SURE THAT PRISONERS WHO

3 UNDERGO INVASIVE SURGERY AND ARE ORDERED STRONG PAINKILL-

4 ING MEDICATIONS THROUGH A SURGEON ARE HOUSED ELSEWHERE,

5 WHERE THEY CAN BE PROPERLY MEDICATED TO CONTROL PAIN. DUE

6 TO THIS POLICY OF NOT PROVIDING ORDERED PAINKILLING MED.

7 ICATIONS AND THE FACT THAT PLAINTIFF WAS NOT PROVIDED

8 WITH HIS ORDERED PAIN MEDICATION, PLAINTIFF FILES SUIT

9 AGAINST THE DEFENDANT, -DIRECTOR OF CORRECTIONS- JAMES
— SECRETARY OF THE DEPARTMENT OF CORRECTIONS & REHABILITATION—

10 TILTON AND THE DEFENDANT, CHIEF MEDICAL OFFICER, S.M. ROCHE

11 IN THEIR INDIVIDUAL CAPACITIES.

12    32. ON 5.30.06, UPON RETURN FROM SURGERY AND PROCESSING IN

13 C.T.C. (CORRECTIONAL TREATMENT CENTER), PLAINTIFF WAS RETURNED

14 TO HIS CELL IN ADMINISTRATIVE SEGREGATION WHERE HE WAS

15 DENIED ACCESS TO THE ORDERED PAINKILLING MEDICATION. IN

16 ITS PLACE, PLAINTIFF WAS PROVIDED WITH IBUPROFEN AND ACET-

17 AMINOPHEN (ASPIRINS). NEEDLESS TO SAY, LATER THAT SAME EVE-

18 NING (5.30.06 AT APPROXIMATELY 10:00 P.M.) PLAINTIFF AWOKE IN

19 AGONY AND EXCRUCIATING PAIN WHERE HIS HAND WAS THROBBING

20 IMMENSELY. THE EXCRUCIATING PAIN DID NOT SUBSIDE FOR APP-

21 ROXIMATELY 72-HOURS REGARDLESS OF HOW MANY IBUPROFEN OR

22 TYLENOL PLAINTIFF CONSUMED. THEREFORE, PLAINTIFF WAS EX-

23 POSED TO THE UNNECESSARY AND WANTON INFLICTION OF PAIN.

24 PLAINTIFF SUFFERED SEVERE AND EXCRUCIATING PAIN DURING THE

25 TIME HE WAS REFUSED THE ORDERED PAINKILLING MEDICATION.

26 UPON INFORMATION AND BELIEF, NO HUMAN BEING SHOULD BE DELIB-

27 ERATELY EXPOSED TO THIS TYPE OF PAIN AND SUFFERING.

28    33. THERE ARE NO CORRECTIONAL OFFICERS ASSIGNED TO THE


K. L. Owens
American Inmate
Paralegal Association

— STATEMENT OF CLAIM —    20. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

"FLOOR" IN THE ADMINISTRATIVE SEGREGATION UNITS (D-7 AND D-8) AT HIGH DESERT STATE PRISON BETWEEN THE HOURS OF 10:00 P.M. AND 6:00 A.M. (FIRST WATCH). THIS WAS THE SETTING THAT HIGH DESERT STATE PRISONS MEDICAL DEPARTMENT CHOSE TO PLACE PLAINTIFF IN FOLLOWING INVASIVE SURGERY WHERE HIS ORDERED/RECOMMENDED PAIN MEDICATION WAS MODIFIED FROM VICODIN TO IBUPROFEN AND ACETAMINOPHEN. UPON AWAKENING IN EXCRUCIATING PAIN, PLAINTIFF SCREAMED PERIODICALLY THROUGHOUT THE EVENING/EARLY MORNING ATTEMPTING TO GET THE ATTENTION OF THE BUILDING GUN CONTROL OFFICER (WHO IS LOCATED IN A LARGE PLEXIGLASS ROTUNDA/OBSERVATION UNIT) IN THE ADMINISTRATIVE SEGREGATION UNIT, TO NO AVAIL. PLAINTIFF ATTEMPTED TO ALLEVIATE THE PAIN BY HOLDING HIS ARM UP IN THE AIR AND AWAITED THE BODY COUNT CORRECTIONAL OFFICER. (A BODY COUNT CORRECTIONAL OFFICER PERFORMS A HEAD COUNT DURING FIRST WATCH IN THE ADMINISTRATIVE SEGREGATION UNITS, APPROXIMATELY EVERY 2 OR 3 HOURS). OVER THE COURSE OF THE FOLLOWING SIX TO EIGHT HOURS PLAINTIFF WAS ABLE TO SPORADICALLY SLEEP DUE TO EXHAUSTION FROM THE SURGERY BUT KEPT REAWAKENING IN EXTREME PAIN ATTEMPTING TO NOTIFY SOMEONE OF HIS SITUATION. PLAINTIFF WAS EVENTUALLY ABLE TO NOTIFY THE BODY COUNT CORRECTIONAL OFFICER, AT SOME POINT DURING THE EARLY MORNING OF 5-31-06, PERFORMING HIS COUNT AND INFORMED HIM OF THE SITUATION. (THAT PLAINTIFF WAS EXPERIENCING SEVERE PAIN FOLLOWING SURGERY AND THAT HE NEEDED THE ORDERED PAINKILLING MEDICATION THAT THE ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) HAD ORDERED). THE HEAD COUNT CORRECTIONAL OFFICER STATED THAT HE WOULD "LOOK INTO IT" AND PROCEEDED

R. L. Owens
American Inmate
Paralegal Association

1 DOWN THE TIER PERFORMING THE HEAD COUNT AND EVENTUALLY

2 LEFT THE UNIT. "UPON INFORMATION AND BELIEF, THE HEAD COUNT

3 CORRECTIONAL OFFICER FAILED TO NOTIFY MEDICAL PERSONELL" AS NO

4 CORRECTIONAL OFFICERS OR MEDICAL PERSONELL RESPONDED TO PLAIN-

5 TIFF'S CELL. PLAINTIFF WAS IGNORED AND LEFT TO SUFFER WITH

6 UNBEARABLE PAIN.

7    34. THE FOLLOWING MORNING (5-31-06), BETWEEN 6:00 A.M. AND

8 7:00 A.M., PLAINTIFF BARELY MANAGED TO SCRAWL A "HEALTH CARE

9 SERVICES REQUEST FORM" PLEADING FOR THE ORDERED PAINKILLING

10 MEDICATION (SEE ATTACHED EXHIBIT-L, "HEALTH CARE SERVICES REQUEST FORM)

11 PLAINTIFF EXPLAINED IN THE "REASON YOU ARE REQUESTING HEALTH CARE

12 SERVICES" SECTION THAT HE WAS IN EXTREME PAIN AND THAT HE

13 WAS UNABLE TO FLEX AND MOVE HIS HAND AS INSTRUCTED BY THE

14 ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER).

15    35. THE "HEALTH CARE SERVICES REQUEST FORM" WAS PICKED UP

16 LATER THAT MORNING (5-31-06), PROCESSED, AND LATER THAT SAME

17 EVENING PLAINTIFF WAS ESCORTED TO SEE A REGISTERED NURSE,

18 DEFENDANT J. FRIEND PERTAINING TO THE SEVERE PAIN HE WAS

19 SUFFERING FROM. AN INTERVIEW WAS CONDUCTED BY DEFENDANT

20 REGISTERED NURSE J. FRIEND APPROXIMATELY SEVEN HOURS AFTER

21 PLAINTIFF SUBMITTED THE "HEALTH CARE SERVICES REQUEST FORM"

22 (APPROXIMATELY 6:45 A.M.), IN THE MEANTIME, PLAINTIFF SAT IN

23 HIS CELL SUFFERING IN EXCRUCIATING PAIN.

24    36. DURING SAID INTERVIEW, PLAINTIFF EXPLAINED TO THE DEF-

25 ENDANT, REGISTERED NURSE J. FRIEND THAT HE WAS SUFFERING

26 FROM EXTREME PAIN, THAT THE IBUPROFENS AND TYLENOLS WERE IN-

27 EFFECTIVE, AND THE NEED FOR THE ORDERED PAINKILLING MEDICAT-

28 ION THAT WAS RECOMMENDED BY THE ORTHOPEDIC SURGEON. DEFENDANT

- STATEMENT OF CLAIM -        22. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

Æ. L. Owens
American Inmate
Paralegal Association

1  REGISTERED NURSE J. FRIEND DOCUMENTED PLAINTIFFS COMPLAINTS,
2  TOOK BLOOD PRESSURE READINGS, TEMPERATURE, AND THEN STATED, "YOU
3  DON'T LOOK LIKE YOU'RE IN THAT MUCH PAIN. CONTINUE TAKING YOUR
4  TYLENOLS AND EAT LOTS OF FOOD" (SEE ATTACHED EXHIBIT-M, "ENC-
5  OUNTER FORM"). AT THIS POINT, PLAINTIFF BECAME DISTRAUGHT
6  AND ANXIOUS REALIZING THAT HE WAS GOING TO BE ESCORTED BACK
7  TO HIS CELL AND LOCKED UP WITHOUT THE ORDERED PAINKILLING
8  MEDICATION. PLAINTIFF ATTEMPTED TO ARGUE WITH DEFENDANT REG-
9  ISTERED NURSE J. FRIEND ABOUT THE NEED FOR THE PAIN MED-
10 ICATION TO NO AVAIL. PLAINTIFF WAS ORDERED "LETS GO" IN A
11 LOUD INTIMIDATING MANNER BY THE ESCORTING CORRECTIONAL
12 OFFICERS. THAT CONCLUDED THE MEDICAL INTERVIEW ON 5·3/·06.
13    37. WITH THIS POST-OPERATIVE SURGICAL CONDITION PLAIN-
14 TIFF HAS SUFFERED FROM SEVERE AND EXCRUCIATING PAIN AND
15 CONTINUES TO SUFFER FROM MILD PAIN WHICH AT SOME POINT
16 REQUIRED DAILY TREATMENT WITH STRONG OPIOD PAIN MEDICATION.
17 PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT
18 CERTAIN DEFENDANTS HAVE, FROM MAY 30th 2006, BEEN AWARE OF
19 PLAINTIFF'S NEED FOR TREATMENT OF PAIN DUE TO HIS POST-
20 OPERATIVE SURGICAL CONDITION.
21    38. FROM MAY 30th 2006, CERTAIN DEFENDANTS REPEATEDLY
22 DENIED AND REFUSED TO PROVIDE PLAINTIFF WITH AN ORDERED
23 NECESSARY PAINKILLING MEDICATION FROM HIS ORTHOPEDIC SUR-
24 GEON (DEFENDANT KIRK A. KAISER) WHO PERFORMED THE SURGERY
25 AS A SPECIALIST. SAID ORDERED PAINKILLING MEDICATION
26 WAS FOR VICODIN 4-6 HOURS AS NEEDED FOR PAIN. (SEE ATT-
27 ACHED EXHIBITS "I" AND "K").
28    39. THE FOLLOWING DEFENDANTS SIGNATURES ARE DOCUMENTED

R. L. Owens
American Inmate
Paralegal Association

- STATEMENT OF CLAIM -    23. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED)→

1. ON CERTAIN MEDICAL DOCUMENTS WHICH REFER SPECIFICALLY TO THE
2. PLAINTIFFS NEED FOR ORDERED PAIN MEDICATION: ONE ILLEGIBLE
3. SIGNATURE BY A REGISTERED NURSE ON 5.30.06 AT 1530.(SEE ATT-
4. ACHED EXHIBIT- I, "INTERDISCIPLINARY PROGRESS NOTES"); DEFENDANT
5. M. FRENCH, NURSE PRACTITIONER ON 5.30.06 AT 1535 AND ONE
6. ILLEGIBLE SIGNATURE BY A REGISTERED NURSE ON 5.30.06 AT
7. 1545. (SEE ATTACHED EXHIBIT- J, "PHYSICIANS ORDERS"); DEFENDANT
8. D. CARBATT, REGISTERED NURSE ON 5.30.06 AND ONE ILLEGIBLE
9. SIGNATURE BY A CONSULTANT (BELIEVED TO BE DEFENDANT KIRK A.
10. KAISER) ON 5.30.06. (SEE ATTACHED EXHIBIT- K, "HEALTH CARE SERVICES
11. PHYSICIAN REQUEST FOR SERVICES"); TWO ILLEGIBLE SIGNATURES,
12. ONE BY A REGISTERED NURSE ON 5.31.06 AT 1205 AND THE OTHER
13. BY AN UNKNOWN MEDICAL DEPARTMENT EMPLOYEE ON 5.31.06 AT 0900,
14. THIS SAME DOCUMENT WAS SIGNED BY DEFENDANT J. FRIEND, REG-
15. ISTERED NURSE ON 5.31.06 AT 1905. (SEE ATTACHED EXHIBIT- L,
16. "HEALTH CARE SERVICES REQUEST FORM"); DEFENDANT J. FRIEND, REGIST-
17. ERED NURSE ON 5.31.06 AT 1845 (SEE ATTACHED EXHIBIT- M, "ENCOUNT-
18. ER FORM").
19. 40. UPON INFORMATION AND BELIEF, IT IS COMMON KNOWLEDGE
20. THROUGHOUT THE PRISONER POPULATION AT HIGH DESERT STATE
21. PRISON THAT UPON RETURN FROM SURGERY PRISONERS ARE ROUTINELY
22. DENIED ORDERED POST-OPERATIVE PAIN MEDICATIONS. ALSO THAT
23. ORDERED PHYSICAL THERAPY IS ROUTINELY DENIED AND/OR DEL-
24. AYED BEYOND THE POINT OF EFFECTIVENESS.
25. 41. ON 6.23.06, PLAINTIFF WAS TRANSPORTED FROM HIGH
26. DESERT STATE PRISON TO HIS ORTHOPEDIC SURGEONS OFFICE
27. (DEFENDANT KIRK A. KAISER) FOR A FOLLOW-UP MEDICAL APPOINT-
28. MENT. DURING THE FOLLOW-UP APPOINTMENT, PLAINTIFF EX-

R. L. Owens
American Inmate
Paralegal Association

1  PLAINED TO THE ORTHOPEDIC SURGEON THAT HE DID NOT RECEIVE

2  THE ORDERED POST-OPERATIVE PAINKILLING MEDICATION AT HIGH

3  DESERT STATE PRISON. THE DEFENDANT M.D. KIRK A. KAISER

4  SHOOK HIS HEAD IN DISGUST AND STATED, "WELL THE ~~██~~

5  OPIATE MEDICATION WOULD HAVE BEEN DISCONTINUED BY NOW."

6  42. DURING THIS FOLLOW-UP MEDICAL APPOINTMENT ON 6·23·06,

7  PLAINTIFF WAS INSTRUCTED TO REALLY START WORKING ON THE

8  MOTION OF THE SURGICALLY REPAIRED JOINT. THE DEFENDANT

9  KIRK A. KAISER (ORTHOPEDIC SURGEON) ALSO ORDERED PHYSICAL THER-

10  APY THREE TIMES A WEEK AT HIGH DESERT STATE PRISON AND

11  PLAINTIFF WAS GIVEN A THERAPEUTIC BAND (FLEXION STRAP) TO

12  ASSIST IN RECOVERING MOBILITY. (SEE ATTACHED EXHIBIT: N,

13  "OFFICE VISIT RECHECK").

14      43. UPON RETURN FROM THE FOLLOW-UP MEDICAL APPOINTMENT

15  WITH THE ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) ON

16  6·23·06, A YET TO BE NAMED MEDICAL EMPLOYEE AT HIGH DESERT

17  STATE PRISON FAILED TO GENERATE A "PHYSICIANS REQUEST FOR

18  SERVICES FORM" FOR PHYSICAL THERAPY. DUE TO THIS FAILURE,

19  PLAINTIFF CONTINUED BEING DENIED ORDERED PHYSICAL THERAPY.

20  FURTHERMORE, UPON RETURN TO HIGH DESERT STATE PRISON FOLL-

21  OWING THE MEDICAL APPOINTMENT ON 6·23·06, PLAINTIFF DID

22  NOT RECEIVE THE ORDERED PHYSICAL THERAPY.

23      44. ON 6·26·06, THREE DAYS FOLLOWING THE FOLLOW-UP MED-

24  ICAL APPOINTMENT ON 6·23·06 WHERE PHYSICAL THERAPY WAS

25  ORDERED BY THE ORTHOPEDIC SURGEON (DEFENDANT KIRK A KAISER)

26  PLAINTIFF STILL HAD NOT RECEIVED THE ORDERED PHYSICAL THER-

27  APY SO HE FILED AN "INMATE REQUEST FOR INTERVIEW" WITH

28  THE SPECIALTY CLINIC (WHICH SCHEDULES PHYSICAL THERAPY

R. L. Owens
American Inmate
Paralegal Association

1  AT HIGH DESERT STATE PRISON) TO NOTIFY THEM OF THE ORDERS

2  FOR AND TO REQUEST THE ORDERED PHYSICAL THERAPY. PLAINTIFFS

3  "INMATE REQUEST FOR INTERVIEW" FORM WAS RESPONDED TO BY

4  AN L. OLIVER AT THE SPECIALTY CLINIC WHOM STATED, "AN

5  R. F. S. HAS NOT BEEN DONE FOR P.T. PLEASE DISCUSS THIS

6  MATTER WITH YOUR YARD DOCTOR." (NOTE: R. F.S. IS AN ABBREV-

7  IATION FOR "PHYSICIAN REQUEST FOR SERVICES" FORM.) (SEE

8  ATTACHED EXHIBIT- P, "INMATE REQUEST FOR INTERVIEW"). PLAIN-

9  TIFF WOULD SUBMIT THAT AT THE TIME OF SUBMITTING AND

10  RECEIVING A RESPONSE TO THE "INMATE REQUEST FOR INTERVIEW"

11  FORM, HE WAS HOUSED IN AN ADMINISTRATIVE SEGREGATION UNIT

12  (COMPLETE LOCKDOWN) AND WAS PHYSICALLY INCAPABLE OF "DISCUSSING

13  THE MATTER WITH THE YARD DOCTOR" AS L. OLIVER INSTRUCTED.

14  PRISONERS IN GENERAL POPULATION HAVE ACCESS TO "DISCUSSING

15  MATTERS" WITH DOCTORS, THE PROPER PROCEDURE FOR REQUESTING PRE-

16  SCRIBED AND/OR ORDERED MEDICAL CARE (THAT A MEDICAL DEPARTMENT

17  IS FAILING TO PROVIDE) WHILE HOUSED IN ADMINISTRATIVE

18  SEGREGATION (AT HIGH DESERT STATE PRISON) IS DONE THROUGH

19  SUBMITTING AN "INMATE REQUEST FOR INTERVIEW" FORM OR THR-

20  OUGH SUBMITTING A HEALTH CARE SERVICES REQUEST FORM." (PL

21  AINTIFF SUBMITTED BOTH FORMS IN THE ATTEMPTS AT RECEIVING

22  THE ORDERED PHYSICAL THERAPY).

23    45. ON 7-9-06, THIRTEEN DAYS AFTER FILING AN "INMATE

24  REQUEST FOR INTERVIEW" FORM REQUESTING ORDERED PHYSICAL

25  THERAPY (ATTACHED EXHIBIT- 'P") PLAINTIFF SUBMITTED A 'HEALTH

26  CARE SERVICES REQUEST FORM" ONCE AGAIN REQUESTING THE

27  ORDERED PHYSICAL THERAPY THAT WAS DEEMED NECESSARY DURING

28  A FOLLOW-UP MEDICAL APPOINTMENT ON 6-23-06 WITH A SPECIALIST

— STATEMENT OF CLAIM —    26. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

A. L. Owens
American Inmate
Paralegal Association

1 (DEFENDANT KIRK A KAISER- ORTHOPEDIC SURGEON). (SEE ATTACHED EX-

2 HIBIT- R, -"HEALTH CARE SERVICES REQUEST FORM). ON THIS "HEALTH

3 CARE SERVICES REQUEST FORM," PLAINTIFF EXPLAINED THAT HIS

4 SURGEON (DEFENDANT KIRK A. KAISER) ORDERED PHYSICAL THERAPY

5 TO BE PROVIDED 3 TIMES A WEEK AT HIGH DESERT STATE PRISON

6 FOLLOWING A MEDICAL APPOINTMENT AT THE END OF JUNE. PLAIN-

7 TIFF ALSO COMPLAINED ABOUT THE STIFFNESS AND INFLEXIBILITY

8 IN THE SURGICALLY REPAIRED JOINT. THIS "HEALTH CARE SERVICES

9 REQUEST FORM" WAS RECEIVED AND REVIEWED ON 7.10.06 BY TWO

10 MEDICAL DEPARTMENT PERSONELL AT HIGH DESERT STATE PRISON

11 WHOM SIGNED OFF ON THE FORM WITH ILLEGIBLE HANDWRITING.

12 ONE OF THE MEDICAL DEPARTMENT PERSONELL AT HIGH DESERT STATE

13 PRISON SIGNED THE DATE OF APPOINTMENT SECTION ON THE "HEALTH

14 CARE SERVICES REQUEST FORM" AS 7-18-06. PLAINTIFF WAS NEVER

15 SEEN BY MEDICAL PERSONELL AT HIGH DESERT STATE PRISON PERTAINING

16 TO THE "HEALTH CARE SERVICES REQUEST FORM" ON 7-18-06, NOR WAS

17 HE TAKEN FOR PHYSICAL THERAPY ON THAT DATE. SEE ATTACHED EX-

18 HIBIT- R, "HEALTH CARE SERVICES REQUEST FORM").

19 46. EXHIBIT- S, "HEALTH CARE SERVICES PHYSICIAN REQUEST

20 FOR SERVICES" IS FURTHER EVIDENCE THAT PROVES HIGH

21 DESERT STATE PRISONS MEDICAL DEPARTMENT WAS NOTIFIED AND

22 MADE AWARE OF PLAINTIFFS ONGOING ORDERS FOR PHYSICAL TH-

23 ERAPY (SERIOUS MEDICAL NEEDS). THIS PHYSICIAN REQUEST

24 FOR SERVICES IS DATED 7-18-06, SIGNED BY THE REQUEST-

25 ING PHYSICIAN DEFENDANT L. DIAL AND CLEARLY STATES

26 THE PRINCIPLE DIAGNOSIS TO BE PHYSICAL THERAPY AND

27 ALSO THE REQUESTED SERVICES TO BE PHYSICAL THERAPY EVAL-

UATION. (SEE ATTACHED EXHIBIT- S, "HEALTH CARE SERVICES PHYS-

-STATEMENT OF CLAIM-    27. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) ——>

K. L. Owens
American Inmate
Paralegal Association

1  ICIAN REQUEST FOR SERVICES").

2     47. ON 7.27.06, PLAINTIFF WAS TRANSPORTED BACK TO THE

3  ORTHOPEDIC SURGEONS OFFICE (DEFENDANT KIRK A. KAISER) FOR AN-

4  OTHER FOLLOW-UP MEDICAL APPOINTMENT. DURING THIS MEDICAL

5  APPOINTMENT PLAINTIFF EXPLAINED TO THE ORTHOPEDIC SURGEON

6  THAT HIS REPEATED ORDERS FOR PHYSICAL THERAPY WERE NOT

7  BEING CARRIED OUT AT HIGH DESERT STATE PRISON AND THAT PL-

8  AINTIFF WAS EXPERIENCING STRONG PAIN AND STIFFNESS IN

9  THE SURGICALLY REPAIRED JOINT. AFTER AN EXAMINATION AND X-

10  RAYS, THE ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) INSTR-

11  UCTED PLAINTIFF ON THE IMPORTANCE OF MOTION AND HOW CRIT-

12  ICAL PHYSICAL THERAPY WAS AT THIS TIME. AT THIS TIME

13  PLAINTIFF REITERATED THE FACT THAT HIGH DESERT STATE

14  PRISON'S MEDICAL DEPARTMENT WAS NOT ACTING ON THE ORTHOPED-

15  IC SURGEONS (DEFENDANT KIRK A. KAISER) ORDERS FOR PHYSICAL

16  THERAPY. THE ORTHOPEDIC SURGEON REPEATED HIS ORDERS THAT

17  PHYSICAL THERAPY BE PERFORMED AT HIGH DESERT STATE PRISON

18  THREE TIMES PER WEEK AND SCHEDULED ANOTHER FOLLOW-UP MED-

19  ICAL APPOINTMENT IN 4 TO 5 WEEKS. THE ORTHOPEDIC SUR-

20  GEON ALSO HAD PLAINTIFF FITTED FOR A SECOND THERAPY

21  BAND AND DOCUMENTED THE FACT THAT PLAINTIFF WAS NOT REC-

22  EIVING THE POST-OPERATIVE CARE AT THE PRISON-ORDERED PHYSICAL

23  THERAPY. (SEE ATTACHED EXHIBIT: T, "OFFICE VISIT RECHECK").

24     48. EXHIBIT-U, "INTERDISCIPLINARY PROGRESS NOTES",

25  DATED 7.27.06 AND SIGNED BY DEFENDANT D. CARBATT (R.N.) IS

26  FURTHER EVIDENCE THAT PROVES HIGH DESERT STATE PRISONS MED-

27  ICAL DEPARTMENT (DEFENDANTS) WAS MADE AWARE OF THE ORTHOPEDIC

28  SURGEONS (DEFENDANT KIRK A. KAISER) POST-OPERATIVE CARE ORDERS

- STATEMENT OF CLAIM -        28. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

L. L. Ovens
American Inmate
Paralegal Association

1  ON THE SAME DAY THEY WERE RECOMMENDED. THE PROGRESS NOTES
2  RECOMMENDATIONS SECTION STATES, "PHYSICAL THERAPY FOR ® FIN-
3  GER (RING) ACTIVE- PASSIVE, 3- TIMES A WEEK." (SEE ATTACHED EXHIBIT,
4  U, "INTERDISCIPLINARY PROGRESS NOTES.")
5      49. ALSO SEE EXHIBIT- V, HEALTH CARE SERVICES PHYSICIAN RE-
6  QUEST FOR SERVICES" AS FURTHER EVIDENCE AND PROOF THAT HIGH
7  DESERT STATE PRISONS MEDICAL DEPARTMENT AND STAFF (DEFENDANTS)
8  WERE AWARE OF PLAINTIFFS SERIOUS MEDICAL NEEDS (PHYSICAL TH-
9  ERAPY FOLLOWING SURGERY ORDERED BY A SURGEON/SPECIALIST). THIS
10 "PHYSICIANS REQUEST FOR SERVICES" SIGNED BY DEFENDANT D. CAR-
11 BATT (REGISTERED NURSE) AND DEFENDANT KIRK A. KAISER (CONSULTANT)
12 DATED 7. 27. 06 CLEARLY STATES, "THERAPY FOR RING FINGER, ACTIVE
13 AND PASSIVE, 3 X A WEEK." (SEE ATTACHED EXHIBIT-V, "HEALTH CARE SER-
14 VICES PHYSICIAN REQUEST FOR SERVICES').
15     50. ALSO SEE EXHIBIT - W, "INTERDISCIPLINARY PROGRESS NOTES"
16 AS FURTHER EVIDENCE AND PROOF OF TWO OTHER MEDICAL DEPARTMENT
17 PERSONNEL AT HIGH DESERT STATE PRISON WHO WERE MADE AWARE OF
18 PLAINTIFFS SERIOUS MEDICAL NEEDS (PHYSICAL THERAPY FOLLOWING
19 SURGERY ORDERED BY A SURGEON/SPECIALIST). THIS "INTERDISCIP-
20 LINARY PROGRESS NOTE" DATED 7.31.06 AND SIGNED BY AN L.
21 WALKER CLEARLY STATES, "REQUEST FOR P.T. CONSULT AS RECOMMENDED
22 BY DR. KAISER SENT TO SPECIALTY CLINIC FOR SCHEDULING." ALSO
23 ON THE SAME "INTERDISCIPLINARY PROGRESS NOTE" DATED 8. 1. 06
24 AND SIGNED BY DEFENDANT O. HOLLAND (PHYSICAL THERAPIST) CLEARLY
25 STATES, "REDUCAT INMATE FOR P.T. EVALUATION/TRANSPORTATION
26 AND HOLDING DIFFICULTIES." (SEE ATTACHED EXHIBIT- W, "INTER-
27 DISCIPLINARY PROGRESS NOTES").
       51. UPON RETURN TO HIGH DESERT STATE PRISON FOLLOWING
28

— STATEMENT OF CLAIM —    29. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

E. L. Ovens
American Inmate
Paralegal Association

1  THE FOLLOW-UP MEDICAL APPOINTMENT WITH THE ORTHOPEDIC

2  SURGEON (DEFENDANT KIRK A. KAISER) ON 7.27.06, PLAINTIFF DID

3  NOT RECEIVE THE ORDERED PHYSICAL THERAPY.

4     52. PLAINTIFF HAS ATTACHED NUMEROUS EXHIBITS, SOME OF

5  WHICH ARE MEDICAL DOCUMENTS, APPEALS, APPEAL ATTACHMENTS AND

6  CORRESPONDENCE WITH THE "MEDICAL BOARD OF CALIFORNIA" AND "THE

7  DIVISION OF CORRECTIONAL HEALTH CARE SERVICES" PERTAINING TO

8  PLAINTIFFS MEDICAL NEEDS. THESE ATTACHED EXHIBITS PROVE THAT

9  THE MEDICAL DEPARTMENT AND PRISON OFFICIALS (DEFENDANTS) AT

10 HIGH DESERT STATE PRISON) WERE AND ARE AWARE OF PLAINTIFFS SER-

11 IOUS MEDICAL NEEDS. THESE SERIOUS MEDICAL NEEDS WERE DIA-

12 GNOSED AND ORDERED BY PLAINTIFFS ORTHOPEDIC SURGEON/SPECIALIST

13 DEFENDANT KIRK A. KAISER AS MANDATING TREATMENT. EVEN A

14 LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY TO ACT ON

15 THE ORTHOPEDIC SURGEONS (SPECIALIST) POST-OPERATIVE CARE IN-

16 STRUCTIONS. THESE SERIOUS MEDICAL NEEDS, WHICH WERE LEFT UN-

17 ATTENDED, CAUSED EXCRUCIATING PAIN AND PERMANENT DAMAGE. A

18 REASONABLE DOCTOR (ORTHOPEDIC SURGEON KIRK A. KAISER) CONSIDERED

19 THE NEEDS WORTHY OF COMMENT AND TREATMENT. THE END RESULT

20 CONDITION SIGNIFICANTLY AFFECTS PLAINTIFFS DAILY ACTIVITIES

21 AND PLAINTIFF SUFFERS FROM CHRONIC MILD PAIN AND PERMANENT

22 DAMAGES.

23     53. SINCE THE INITIAL SURGERY ON 5.30.06 UNTIL

24 3.13.07 DEFENDANTS HAVE IGNORED REPEATED ORDERS FROM

25 THE PLAINTIFFS ORTHOPEDIC SURGEON (SPECIALIST) TO PER-

26 FORM PHYSICAL THERAPY ON THE SURGICALLY REPAIRED JOINT.

27 PLAINTIFF ALLEGES, THAT DEFENDANTS HAVE KNOWN OF THIS

28 MEDICAL CONDITION NEEDING PHYSICAL THERAPY.

A. L. Owens
American Inmate
Paralegal Association

— STATEMENT OF CLAIM —     30. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED) →

54. ON 7.27.06, DURING A FOLLOW-UP MEDICAL APPOINTMENT WITH THE ORTHOPEDIC SURGEON/SPECIALIST (DEFENDANT KIRK A. KAISER), THE SURGEON DOCUMENTED AND ORDERED ANOTHER FOLLOW-UP MEDICAL APPOINTMENT IN "4 TO 5 WEEKS" FOR PLAINTIFF. (SEE ATTACHED EXHIBIT-T, "OFFICE VISIT RECHECK"). PLAINTIFF WAS NOT TRANSPORTED FOR THIS SCHEDULED FOLLOW-UP MEDICAL APPOINTMENT WITHIN THE ORDERED "4 TO 5 WEEKS". ON 9.7.06, FORTY-TWO DAYS FOLLOWING PLAINTIFFS PREVIOUS FOLLOW-UP MEDICAL APPOINTMENT (ON 7.27.06) HE SUBMITTED A "HEALTH CARE SERVICES REQUEST FORM" REQUESTING THE ORDERED FOLLOW-UP MEDICAL APPOINTMENT. (SEE ATTACHED EXHIBIT-Y). THIS "HEALTH CARE SERVICES REQUEST FORM" SUBMITTED BY PLAINTIFF AND THE ORTHOPEDIC SURGEONS (DEFENDANT KIRK A. KAISER) ORDER FOR THE MEDICALLY NECESSITATED FOLLOW-UP APPOINTMENT WERE DISREGARDED BY HIGH DESERT STATE PRISONS MEDICAL DEPARTMENT AND OFFICIALS UNTIL 3.8.07, SEVEN MONTHS AND NINE DAYS FOLLOWING THE ORIGINAL SCHEDULING (WHICH STATED "4 TO 5 WEEKS").

55. ON 9.11.06, FOLLOWING NUMEROUS FAILED ATTEMPTS TO RECEIVE ORDERED MEDICAL CARE FOR SERIOUS MEDICAL NEEDS, PLAINTIFF FILED AN INMATE APPEAL (CDC FORM 602) PERTAINING TO THE DENIAL OF PAIN MEDICATION, THE DENIAL OF ORDERED PHYSICAL THERAPY, AND THE FAILURE TO TRANSPORT FOR A SCHEDULED FOLLOW-UP MEDICAL APPOINTMENT. THE FILING OF SAID APPEAL (CDC FORM 602) FURTHER NOTIFIED PRISON OFFICIALS AND THE MEDICAL DEPARTMENT AT HIGH DESERT STATE PRISON OF PLAINTIFFS SERIOUS MEDICAL NEEDS. (SEE ATTACHED EXHIBIT-Z, "INMATE APPEAL FORM"). AT THE TIME OF FILING THE APPEAL (CDC FORM 602), PLAINTIFF HAD BEEN ATTEMPTING TO RECEIVE PHYSICAL THERAPY

/L. L. Ovens
American Inmate
Paralegal Association

- STATEMENT OF CLAIM -    31. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED) →

1 (FOR THE SURGICALLY REPAIRED JOINT) THAT WAS REPEATEDLY ORD-

2 ERED BY THE ORTHOPEDIC SURGEON/SPECIALIST (3 X A WEEK) FOR

3 APPROXIMATELY 104 DAYS (SINCE THE INITIAL ORDERS ON 5-30-06).

4     56. PLAINTIFF WOULD SUBMIT THAT HIGH DESERT STATE

5 PRISONS STAFF AND MEDICAL DEPARTMENT CHOSE TO CANCEL THIS

6 LEGITIMATE AND IMPORTANT MEDICAL APPEAL (ON THE FIRST

7 FORMAL LEVEL) ON FABRICATED GROUNDS RATHER THAN ATTEMPT

8 TO ADDRESS PLAINTIFFS SERIOUS MEDICAL NEEDS FOLLOWING

9 A PARTIAL GRANTING ON THE INFORMAL LEVEL. ON 12-21-06, DEF-

10 ENDANT M. FRENCH (NURSE PRACTITIONER) AUTHORED A MEMORANDUM

11 (SEE ATTACHED EXHIBITS - EE AND FF, "MEMORANDUM - FIRST LEVEL RESPONSE")

12 CANCELLING THE INMATE APPEAL (C.D.C. FORM 602) THAT PLAINTIFF

13 FILED IN AN ATTEMPT TO RECEIVE THE ORDERED POST-OPERATIVE

14 CARE. ON THAT SAME DAY, 12-21-06, DEFENDANT M. FRENCH (NURSE PR-

15 ACTITIONER) APPROVED HIS/HER OWN CANCELLATION FURTHER DELAYING

16 ORDERED MEDICAL CARE AND INSURING THE MALICIOUS AND FRAUD-

17 ULENT CANCELLATION OF A LEGITIMATE APPEAL. NURSE PRACTITIONER

18 M. FRENCH IS THE SAME DEFENDANT THAT CHANGED THE ORTHOPEDIC

19 SURGEONS (DEFENDANT KIRK A. KAISER) POST OPERATIVE ORDERS (FROM

20 VICODIN TO IBUPROFEN AND ACETAMINOPHEN) ON 5-30-06. (SEE ATTACHED

21 EXHIBIT - J, "PHYSICIANS ORDERS"). UPON INFORMATION AND BELIEF, IT

22 APPEARS THAT DEFENDANT M. FRENCH (NURSE PRACTITIONER) CANCELLED

23 AND THEN APPROVED THE CANCELLATION OF PLAINTIFFS MEDICAL

24 APPEAL TO PREVENT THE ISSUES OF [illegible] DENIAL OF ORDERED PAIN

25 MEDICATIONS, DELAY AND DENIAL OF ORDERED PHYSICAL THERAPY, AND DELAY

26 OF FOLLOW-UP MEDICAL APPOINTMENT, FROM BEING ADDRESSED/HEARD

27 AFTER DEFENDANT M. FRENCH HAD MALICIOUSLY AND INTENTIONALLY

28 DENIED AND/OR DELAYED CERTAIN POST-OP. CARE ORDERS.

L. L. Owens
American Inmate
Paralegal Association

57. DEFENDANTS B. FLOUS (M.T.A.), D. HAHN (CORRECTIONAL OFFICER), AND M. FRENCH (NURSE PRACTITIONER) CLAIM THAT PLAINTIFF REFUSED A MEDICAL APPOINTMENT ON 12·12·06, THEREFORE THE MEDICAL APPEAL WAS CANCELLED. THE LEGITIMATE MEDICAL APPEAL PERTAINING TO PLAINTIFFS SERIOUS MEDICAL NEEDS WAS CANCELLED ON THE FABRIC-ATED GROUNDS THAT PLAINTIFF REFUSED A MEDICAL INTERVIEW (PER-TAINING TO SAID APPEAL). PLAINTIFF CLEARLY AND REPEATEDLY EX-PLAINED ON EVERY APPEAL LEVEL THEREAFTER THE REASON WHY HE WAS UNABLE TO "WALK" OVER TO THE MEDICAL INTERVIEW ON 12·12·06. PL-AINTIFF WAS DENIED FOOTWEAR OF ANY KIND TO PLACE ON HIS FEET (SHOES, SHOWER SHOES, SLIPPERS, SOCKS, ETC.) BY THE ESCORTING OFFICER DEFENDANT DELGADO. (SEE ATTACHED EXHIBITS - AA, "SECTION-F AND SECTION-H"; EXHIBIT-II, "LETTER TO CHIEF INMATE APPEALS"; EXHIBIT-KK, "LETTER TO APPEALS COORDINATOR AT HIGH DESERT STATE PR-ISON"). BY CONTINUING TO ADDRESS THE MEDICAL APPEAL (CDC FORM 602) THROUGH EVERY LEVEL AFTER THE "SCREEN OUT/CANCELLATION" (SECOND LEVEL REVIEW, DIRECTORS LEVEL REVIEW, AND BACK THROUGH THE APPEALS COORDINATOR AT HIGH DESERT STATE PRISON), PLAINTIFF AFFORDED DEFENDANTS REPEATED OPPORTUNITIES TO ADDRESS HIS SERIOUS MEDICAL NEEDS THROUGH THE **APPEALS PROCESS**, WHICH THEY FAILED TO DO. THEREFORE, PLAINTIFFS ADMINISTRATIVE REMEDIES WERE EXHAUSTED ACCORDING TO 42 U.S.C. 1997(e)(a). NO REASON-ABLE PERSON WOULD EXPECT A PRISONER TO WALK THROUGHOUT A PRISON TO A MEDICAL INTERVIEW WHILE BAREFOOT. PLAINTIFF IN-FORMED THE ESCORTING OFFICER (DEFENDANT DELGADO) THAT SOME FORM OF FOOTWEAR WAS NEEDED TO WALK TO THE MEDICAL INT-ERVIEW AND WAS DENIED FOOTWEAR BY THE ESCORTING OFFICER. DEFENDANT C.O. DELGADO WALKED AWAY FROM PLAINTIFFS CELL

R. L. Owens
American Inmate
Paralegal Association

1 AND STATED, "THAT'S A REFUSAL". NOTE: PLAINTIFF NEVER

2 SIGNED A "REFUSAL OF EXAMINATION AND/OR TREATMENT" FORM

3 (CDC FORM 7225), NOR WAS HE ASKED TO SIGN ONE AS REQUIRED

4 BY TITLE 15 C.C.R. SUBSECTION 3351 (6).

5 58. PLAINTIFF ADDRESSED SAID MEDICAL APPEAL (CDC FORM

6 602) THROUGH ALL LEVELS OF THE APPEALS PROCESS THEREFORE

7 EXHAUSTING HIS ADMINISTRATIVE REMEDIES. PRISON OFF-

8 ICIALS MAY NOT TAKE UNFAIR ADVANTAGE OF THE EXHAUSTION

9 REQUIREMENT... AND A REMEDY BECOMES UNAVAILABLE IF PR-

10 ISON EMPLOYEES DO NOT RESPOND TO A PROPERLY FILED GR-

11 IEVANCE OR OTHERWISE USE AFFIRMITIVE MISCONDUCT

12 TO PREVENT A PRISONER FROM EXHAUSTING. EVEN AN UNTIMELY

13 GRIEVANCE SATISFIES THE EXHAUSTION REQUIREMENT OF THE

14 PRISON LITIGATION REFORM ACT SO LONG AS THE PRISONER GOES

15 THROUGH EVERY STEP OF THE GRIEVANCE PROCESS (WHICH IN

16 THIS CASE PLAINTIFF DID SO). BY FILING THE INMATE APP-

17 EAL (CDC FORM 602) ON TIME AND ADDRESSING THE ISSUE THR-

18 OUGH EVERY STEP OF THE APPEALS PROCESS, PLAINTIFF GAVE

19 THE STATE AN OPPURTUNITY TO HEAR THE APPEAL AND, BY

20 APPEALING THROUGH EVERY STEP OF THE APPEALS PROCESS,

21 GAVE THE STATE THE OPPURTUNITY TO RECONSIDER ITS DEC-

22 ISION.

23 59. PLAINTIFF SUBMITS THAT THE SOLE REASON THAT

24 HIGH DESERT STATE PRISONS MEDICAL PERSONELL AND PR-

25 ISON OFFICIALS (DEFENDANTS) WERE NOT NAMED IN THE OR-

26 IGINAL FILING OF THE INMATE APPEAL (CDC FORM 602) IS

27 BECAUSE MEDICAL RECORDS DEPARTMENT FAILED TO RESPOND

28 TO NUMEROUS REQUESTS FOR THE NAMES OF THE MEDICAL

K. L. Owens
American Inmate
Paralegal Association

— STATEMENT OF CLAIM —      34. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) —>

1  PERSONELL THAT WERE INVOLVED IN PLAINTIFFS POST-OP-

2  ERATIVE CARE. (SEE ATTACHED EXHIBITS-Q, "INMATE REQUEST

3  FOR INTERVIEW" AND EXHIBIT-X, "INMATE REQUEST FOR INT-

4  ERVIEW").

5  60. ON 9.26.06, IN CONTINUED ATTEMPTS TO RECEIVE ORDERED

6  POST-OPERATIVE CARE TREATMENT FOR SERIOUS MEDICAL NEEDS,

7  PLAINTIFF CONTACTED THE "MEDICAL BOARD OF CALIFORNIA" (CENTRAL

8  COMPLAINT UNIT, 1426 HOWE AVE., SUITE 54, SACRAMENTO, CA. 95825-

9  3236) COMPLAINING ABOUT THE DELIBERATE INDIFFERENCE TO HIS

10  SERIOUS MEDICAL NEEDS. PLAINTIFF INFORMED THE MEDICAL

11  BOARD THAT FOLLOWING SURGERY (ON 5.30.06) TO REPAIR A FRACT-

12  URED JOINT, HIGH DESERT STATE PRISONS MEDICAL STAFF IGN-

13  ORED THE ORTHOPEDIC SURGEONS (DEFENDANT KIRK A. KAISER)

14  POST-OPERATIVE CARE ORDERS. PLAINTIFF EXPLAINED THAT HE WAS

15  DENIED PAIN MEDICATION, REPEATED ORDERS FOR PHYSICAL THER-

16  APY, AND A FOLLOW-UP MEDICAL APPOINTMENT WITH THE ORTHO-

17  PEDIC SURGEON. PLAINTIFF ALSO REQUESTED INTERVENTION IN

18  HIS BEHALF SO THAT THE TREATMENTS THAT WERE DEEMED

19  NECESSARY FROM THE SPECIALIST (ORTHOPEDIC SURGEON- KIRK

20  A. KAISER) WOULD BE IMPLEMENTED. (SEE ATTACHED EXHIBIT-

21  MM, WHICH IS A RESPONSE FROM THE "MEDICAL BOARD OF CALIFOR-

22  NIA" PERTAINING TO THE LETTER PLAINTIFF FORWARDED ON 9.26.06).

23  THE "MEDICAL BOARD OF CALIFORNIA" RESPONDED BY CLAIMING

24  THAT PLAINTIFFS COMPLAINT DID NOT FALL WITHIN THEIR

25  JURISDICTION BECAUSE THE COMPLAINT WAS NOT ABOUT MEDICAL

26  CARE AND TREATMENTS PROVIDED BY A PHYSICIAN BUT INSTEAD

27  INVOLVED OTHER STAFF AND/OR THE PRISONS PROCEDURES. (SEE

28  ATTACHED EXHIBIT-MM, "RESPONSE BY MEDICAL BOARD OF CALIF-

- STATEMENT OF CLAIM -     35. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

K. L. Owens
American Inmate
Paralegal Association

1  ORNIA"). PLAINTIFF DISPUTES THE REASONING USED BY THE
2  "MEDICAL BOARD OF CALIFORNIA" TO DEFER THE COMPLAINT BACK
3  TO THE "CALIFORNIA DEPARTMENT OF CORRECTIONS + REHABILITATION)".
4  PLAINTIFF HAD PREVIOUSLY ADDRESSED THE DELIBERATE INDIFFER-
5  ENCE TO HIS SERIOUS MEDICAL NEEDS WITH THE "CALIFORNIA
6  DEPARTMENT OF CORRECTIONS + REHABILITATION" THROUGH THE
7  INMATE APPEALS PROCESS BY FILING A CDC FORM 602 INMATE/
8  APPEAL ON 9-11-06. (SEE ATTACHED EXHIBIT- Z, "INMATE APPEAL COC
9  FORM 602"). ON 9-26-06, PLAINTIFF ATTEMPTED TO ADDRESS THE
10  SAME ISSUES FROM HIS APPEAL (COC FORM 602) THROUGH THE "MED-
11  ICAL BOARD OF CALIFORNIA" AFTER RECEIVING NEGATIVE RESULTS
12  THROUGH THE INMATE APPEALS PROCESS IN HOPE OF RECEIVING POS-
13  ITIVE RESULTS (SPECIFICALLY THE REPEATED + CONTINUED ORDERS
14  FOR PHYSICAL THERAPY AND THE SCHEDULED FOLLOW UP MEDICAL APP-
15  OINTMENT FROM 7-27-06). PLAINTIFF WAS ACTIVELY CONTACTING
16  NUMEROUS AGENCIES IN THE HOPE OF RECEIVING CARE FOR HIS SER-
17  IOUS MEDICAL NEEDS.
18      61. ON 10-13-06, THE "MEDICAL BOARD OF CALIFORNIA" DECLINED
19  TO ACT ON PLAINTIFFS COMPLAINT AND FORWARDED THE COMPLAINT
20  TO THE "DIVISION OF CORRECTIONAL HEALTH CARE SERVICES (HERE-
21  AFTER ABBREVIATED AS, D.C.H.C.S.) WHICH IS AN ARM OF THE "CAL-
22  IFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION" FOR
23  REVIEW). PLAINTIFF RECEIVED A RESPONSE FROM THE D.C.H.C.S.
24  DATED 1-2-07 STATING THAT THEY WERE AWARE OF PLAINTIFFS
25  SERIOUS MEDICAL NEEDS. ALSO THAT PLAINTIFF WAS REQUESTING
26  INTERVENTION ON HIS BEHALF TO RECEIVE THE ORDERED AND
27  REQUIRED POST-OPERATIVE TREATMENTS. (SEE ATTACHED EXHIBIT-
28  NN, "2ⁿᵈ PARAGRAPH- "RESPONSE FROM D.C.H.C.S."). THE LETTER DATED

/R. L. Owens
American Inmate
Paralegal Association

— STATEMENT OF CLAIM —    36. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

1. 2·07 THAT WAS FORWARDED TO PLAINTIFF FROM THE D.C.H.C.S.
CLAIMS THAT THE D.C.H.C.S. CONTACTED THE HIGH DESERT STATE
PRISONS HEALTH CARE STAFF WHO REVIEWED PLAINTIFFS MED-
ICAL APPEALS RECORDS AND UNIT HEALTH RECORD. THE INFORM-
ATION GATHERED BY THE D.C.H.C.S. THROUGH HIGH DESERT STATE PR-
ISONS HEALTH CARE STAFF CONTAINS NUMEROUS ERRORS/FABRICATIONS
AND MISINFORMATION). FIRST OF ALL, THE RESPONSE CLAIMS
THAT PLAINTIFF FILED AN EMERGENCY APPEAL ON 12·15·06 PER-
TAINING TO HIS SERIOUS MEDICAL NEEDS. IN FACT, PLAINTIFF
ORIGINALLY FILED HIS EMERGENCY MEDICAL APPEAL ~~~~~ ON 9·11·06 ■
(SEE ATTACHED EXHIBIT-Z, "INMATE APPEAL CDC FORM 602"); THE LETTER
(DATED 1·2·07) ALSO CLAIMS THAT HIGH DESERT STATE PRISONS MED-
ICAL STAFF WOULD EXAMINE AND EVALUATE PLAINTIFFS KNUCKLE TO
DETERMINE "IF" A FOLLOW-UP MEDICAL APPOINTMENT WITH THE OR-
THOPEDIC SURGEON WAS WARRANTED. PLAINTIFFS ORTHOPEDIC SUR-
GEON (DEFENDANT KIRK A. KAISER) HAD PREVIOUSLY EXAMINED AND EVAL-
UATED THE SURGICALLY REPAIRED KNUCKLE DURING A MEDICAL APPOINT-
MENT ON 7·27·06 AND HAD ALREADY DETERMINED THAT A FOLLOW-UP
APPOINTMENT WAS MEDICALLY NECESSARY AND WARRANTED. ON
7·27·06, DEFENDANT KIRK A KAISER (SPECIALIST/ORTHOPEDIC SURGEON)
ORDERED THE MEDICALLY NECESSITATED FOLLOW-UP MEDICAL APPOINT-
MENT IN "4 TO 5 WEEKS." (SEE ATTACHED EXHIBIT-T, "OFFICE VISIT
RECHECK: PLAN"); THE MOST OUTRAGEOUS CLAIM RECEIVED BY THE
D.C.H.C.S. THROUGH HIGH DESERT STATE PRISONS HEALTH CARE STAFF
WAS THAT, "THERE WERE NO ORDERS FOR PHYSICAL THERAPY." PLAINTIFFS
MEDICAL FILE FROM 5·30·06 AND PRIOR TO 1·2·07 (WHEN THE
D.C.H.C.S. DATED THEIR LETTER TO PLAINTIFF) CONTAINED "NUMEROUS"
MEDICAL DOCUMENTS REQUESTING AND ORDERING PHYSICAL THERAPY.
—STATEMENT OF CLAIM—          37. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

K. L. Owens
American Inmate
Paralegal Association

1 (SEE ATTACHED EXHIBITS : I, K, N, P, R, S, T, U, V, W), "ALL MEDICAL DOC-
2 UMENTS WHICH WERE CONTAINED WITHIN PLAINTIFFS MEDICAL FILE
3 PERTAINING TO THE NEED/ORDERS FOR PHYSICAL THERAPY"). IT IS
4 CLEAR AND OBVIOUS FROM THE ATTACHED EXHIBITS ATTAINED FROM
5 PLAINTIFFS MEDICAL FILE THAT HIGH DESERT STATE PRISONS HEALTH
6 CARE STAFF WERE AWARE OF THE REPEATED ORDERS FOR PHYSICAL THER-
7 APY PRIOR TO SHARING THIS ERRONEOUS INFORMATION WITH THE
8 D.C.H.C.S. (SEE ATTACHED EXHIBITS - NN AND OO, "THE LETTER DATED 1.2.07
9 FROM D.C.H.C.S. TO PLAINTIFF").

10 62. IN NOVEMBER OR DECEMBER OF 2006 PLAINTIFF CONTACTED
11 THE "PRISON LAW OFFICE." (GENERAL DELIVERY, SAN QUENTIN, CA. 94964-
12 0001) ATTEMPTING TO ATTAIN ORDERED POST-OPERATIVE CARE AT HIGH
13 DESERT STATE PRISON. PLAINTIFF CORRESPONDED WITH SAM WEIN-
14 ER, LITIGATION ASSISTANT UNDER ATTORNEY ALISON HARDY. THROUGH
15 INFORMATION PLAINTIFF PROVIDED TO THIS AGENCY PERTAINING TO
16 THE DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS,
17 THEY FOUND IT NECESSARY TO CONTACT THE ATTORNEY GENERAL OF
18 CALIFORNIA UNDER PROCEDURES SET FORTH IN THE PLATA STIPUL-
19 ATION (IN JUNE OF 2002, A FEDERAL COURT ORDER WAS ENTERED IN A
20 LAWSUIT KNOWN AS THE PLATA CASE. PLATA IS A FEDERAL CIVIL
21 RIGHTS CLASS ACTION LAWSUIT REGARDING MEDICAL CARE IN ALL
22 CALIFORNIA PRISONS). THE "PRISON LAW OFFICE" WROTE TO THE
23 ATTORNEY GENERAL OF CALIFORNIA IN PLAINTIFFS BEHALF ON 1.12.07
24 (SEE ATTACHED EXHIBIT - PP, "MEMO FROM PRISON LAW OFFICE TO ATTORNEY
25 GENERALS OFFICE").

26 63. PLAINTIFF WOULD SUBMIT THAT AS OF 1.12.07, WHEN THE
27 ATTORNEY GENERALS OFFICE OF CALIFORNIA WAS NOTIFIED BY THE
28 PRISON LAW OFFICE" PERTAINING TO PLAINTIFFS SERIOUS MED-



k. L. Owens
American Inmate
Paralegal Association

—STATEMENT OF CLAIM—          38. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) —>

1 ICAL NEEDS, SEVEN MONTHS AND THIRTEEN DAYS HAD ELAPSED

2 SINCE THE ORIGINAL ORDERS FOR PHYSICAL THERAPY BY THE

3 ORTHOPEDIC SURGEON/SPECIALIST (DEFENDANT KIRK A. KAISER) AND IT

4 HAD BEEN MORE THAN 5-MONTHS AND 15-DAYS SINCE THE PREVIOUS

5 FOLLOW-UP MEDICAL APPOINTMENT (ON 7-27-06) WITH THE ORTHOPEDIC

6 SURGEON/SPECIALIST WHERE A FOLLOW-UP MEDICAL APPOINTMENT WAS

7 SCHEDULED IN "4 TO 5 WEEKS." (SEE ATTACHED EXHIBIT- T, "OFFICE VISIT

8 RECHECK").

9     64. DURING THE MONTH OF NOVEMBER 2006, DEFENDANT D. STALTER

10 (CORRECTIONAL OFFICER) HAD MADE DEROGATORY COMMENTS PERTAINING

11 TO A CLOTH THERAPY BAND/MEDICAL DEVICE (WHICH WAS ISSUED BY

12 PLAINTIFFS ORTHOPEDIC SURGEON DEFENDANT KIRK A. KAISER DURING A

13 FOLLOW-UP MEDICAL APPOINTMENT ON 7-27-06) THAT PLAINTIFF HAD BEEN

14 ORDERED TO WEAR TO HELP AID IN THE RECOVERY PROCESS. SOME OF

15 DEFENDANT D. STALTER'S COMMENTS WERE: "WHY DON'T YOU THROW THAT

16 SHIT OUT"; "WHY DON'T YOU MAN UP AND GET RID OF THAT TRASH";

17 "GET RID OF THAT BAND, YOU DON'T NEED IT ANYMORE." EACH TIME DEF-

18 ENDANT STALTER MADE NEGATIVE REMARKS PERTAINING TO THE THER-

19 APY BAND/MEDICAL DEVICE PLAINTIFF WOULD EXPLAIN THAT HE WAS OR-

20 DERED TO WEAR IT BY HIS ORTHOPEDIC SURGEON TO HELP ASSIST IN

21 THE RECOVERY PROCESS. PLAINTIFF ALSO EXPLAINED (ON ONE OCCASSION)

22 THAT DEFENDANT STALTER DID NOT NEED TO BE CONCERNED WITH THE

23 THERAPY BAND/MEDICAL DEVICE BECAUSE IT MET ALL STANDARDS OF

24 SAFETY AND SECURITY AT THE PRISON.

25     65. ON 11-17-06, DEFENDANT D. STALTER (CORRECTIONAL OFF-

26 ICER) OF HIGH DESERT STATE PRISON CONDUCTED A CELL SEARCH OF

27 PLAINTIFFS CELL WHILE HE WAS AT YARD/RECREATION AND CON-

28 FISCATED A THERAPEUTIC BAND/MEDICAL DEVICE THAT WAS

A. L. Owens
American Inmate
Paralegal Association

1  ISSUED TO PLAINTIFF THROUGH HIS ORTHOPEDIC SURGEON (DEFENDANT

2  KIRK A. KAISER) DURING A FOLLOW-UP MEDICAL APPOINTMENT (ON

3  7.27.06). THIS THERAPEUTIC BAND WAS DEEMED MEDICALLY NEC-

4  ESSARY AS PART OF PLAINTIFFS REHABILITATION & RECOVERY (BY

5  PLAINTIFFS ORTHOPEDIC SURGEON). PRISON GUARDS OR OTHER NON-

6  MEDICAL OFFICIALS CANNOT INTENTIONALLY DENY OR DELAY ACCESS

7  TO ORDERED TREATMENT OR INTERFERE WITH TREATMENT THAT

8  A DOCTOR HAS ORDERED. (ATTACHED EXHIBIT-N, "OFFICE VISIT

9  RECHECK" DOCUMENTS THE ISSUANCE OF A THERAPEUTIC BAND (FLEX-

10  ION STRAP) BY PLAINTIFFS ORTHOPEDIC SURGEON (DEFENDANT KIRK

11  A. KAISER). THE THERAPEUTIC BAND THAT WAS REMOVED/CONFISCATED

12  BY DEFENDANT D. STALTER (CORRECTIONAL OFFICER) WAS ISSUED TO

13  PLAINTIFF BY HIS ORTHOPEDIC SURGEON AT A FOLLOW-UP MEDICAL

14  APPOINTMENT ON 7.27.06 AND IS NOT DOCUMENTED ON THE PRINT-

15  OUT FROM THAT MEDICAL APPOINTMENT: SEE ATTACHED EXHIBIT-T,

16  "OFFICE VISIT RECHECK"). —SEE "ARMSTRONG REMEDIAL PLAN"- FED. COURT ORDER.—

17  . 66. WITHIN DAYS OF ADDRESSING THE REMOVAL/CONFISCATION OF

18  THE THERAPY BAND WITH DEFENDANT STALTER (CORRECTIONAL OFF-

19  ICER), PLAINTIFF FILED AN INMATE APPEAL (CDC FORM 602) PER-

20  TAINING TO THE CONFISCATION OF AN ISSUED MEDICAL THERAP-

21  EUTIC BAND TO NO AVAIL. INITIAL FILING OF SAID APPEAL WAS

22  DONE BETWEEN 11.17.06 AND 11.29.06. (SEE ATTACHED EXHIBITS-QQ,

23  "INMATE APPEAL FORM", (DESCRIPTION OF PROBLEM) AND SS, "LETTER

24  FROM PLAINTIFF TO CHIEF INMATE APPEALS." PLAINTIFF WOULD

25  SUBMIT THAT THE INFORMAL LEVEL RESPONDENT (R. GARATE) ON THE

26  INMATE APPEAL NEVER DENIED A CONFISCATION OF SAID THERAPY

27  BAND BUT RATHER STATED, A HIGH DESERT STATE PRISON DOCTOR

28  MUST PERFORM AN EXAMINATION OF THE ARM AND IF HE PRESCRIBES

K. L. Owens
American Inmate
Paralegal Association

1 A THERAPEUTIC DEVICE THAT DOES NOT VIOLATE SECURITY PRO-
2 CEDURES, THEN IT MAY BE GIVEN TO PLAINTIFF. (SEE ATTACHED
3 EXHIBIT-QQ, "INMATE APPEAL FORM, SECTION-C"). ONLY FOLLOWING
4 PLAINTIFFS RESPONSE (ON THE 1ST FORMAL LEVEL) WHERE PLAINTIFF
5 STATED THAT THE CONFISCATED THERAPY BAND WAS IN FACT PRE-
6 SCRIBED AND ISSUED BY A DOCTOR AND HAD MET ALL SAFETY AND
7 SECURITY PROCEDURES DID RESPONDENTS BEGIN CLAIMING THAT
8 DEFENDANT D. STALTER (CORRECTIONAL OFFICER) DID NOT CONFIS-
9 CATE SAID THERAPY BAND. INMATE APPEAL (CDC FORM 602) WAS THEN
10 DENIED AT ALL SUBSEQUENT LEVELS CLAIMING DEFENDANT D.
11 STALTER (CORRECTIONAL OFFICER) DID NOT CONFISCATE SAID THER-
12 APEUTIC BAND. (SEE ATTACHED EXHIBITS-QQ, RR, SS, TT, UU, VV, WW,
13 XX, YY, AND ZZ, "PERTAINING TO THE INMATE APPEAL ON CONFISCATION
14 OF A PRESCRIBED MEDICAL DEVICE." SEE "ARMSTRONG REMEDIAL PLAN"-FED. COURT ORDER
15  67. PLAINTIFF ADDRESSED SAID INMATE APPEAL THROUGH ALL
16 LEVELS: INFORMAL, FIRST FORMAL, SECOND LEVEL, AND DIRECTORS
17 REVIEW, THEREFORE EXHAUSTING ALL ADMINISTRATIVE REMEDIES.
18 BY CONTINUING TO ADDRESS THE INMATE APPEAL (PERTAINING TO
19 CONFISCATION OF A PRESCRIBED MEDICAL DEVICE) THROUGH ALL
20 LEVELS OF REVIEW, PLAINTIFF AFFORDED DEFENDANTS REPEAT-
21 ED OPPURTUNITIES TO ADDRESS THIS MEDICAL ISSUE THR-
22 OUGH THE APPEALS PROCESS WHICH THEY FAILED TO DO. THERE-
23 FORE, PLAINTIFFS ADMINISTRATIVE REMEDIES WERE EXHAUSTED
24 ACCORDING TO 42 U.S.C. 1997 e (a). BY FILING THE INMATE
25 APPEAL (CDC FORM 602) (ATTACHED EXHIBIT-QQ AND RR) ON TIME-
26 ADDRESSING THE ISSUE THROUGH EVERY STEP OF THE APPEALS
27 PROCESS, PLAINTIFF GAVE THE STATE AN OPPURTUNITY TO RE-
28 CONSIDER ITS DECISION. THE CONFISCATION OF PLAINTIFFS

-STATEMENT OF CLAIM-       41. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED)➞

Jt. L. Owens
American Inmate
Paralegal Association

1 PRESCRIBED AND CUSTOM FITTED THERAPEUTIC BAND (DEEMED
2 MEDICALLY NECESSITATED BY ORTHOPEDIC SURGEON KIRK A. KAISER)
3 BY DEFENDANT D. STALTER (CORRECTIONAL OFFICER) INTERFERRED
4 AND DELAYED PLAINTIFFS TREATMENT PLAN —SEE "ARMSTRONG REMEDIAL PLAN"—
5     68. ON 3.8.07, FOLLOWING SEVEN MONTHS AND NINE DAYS
6 OF REPEATED ATTEMPTS THROUGH DIFFERENT AVENUES AND AG-
7 ENCIES TO RECEIVE AN ORDERED FOLLOW-UP MEDICAL APPOINT-
8 MENT, PLAINTIFF WAS TRANSPORTED TO SAID MEDICAL APPOINT-
9 MENT. ON 7.27.06, PLAINTIFFS ORTHOPEDIC SURGEON (DEFENDANT
10 KIRK A. KAISER) ORDERED A FOLLOW-UP MEDICAL APPOINTMENT
11 "IN 4 TO 5 WEEKS" (SEE ATTACHED EXHIBIT- T, "OFFICE VISIT
12 RECHECK") WHICH WAS IGNORED/DISREGARDED FOR SEVEN MONTHS
13 AND NINE DAYS. THIS FOLLOW-UP MEDICAL APPOINTMENT WAS
14 DEEMED MEDICALLY NECESSARY BY PLAINTIFFS ORTHOPEDIC SURGEON
15 (DEFENDANT KIRK. A. KAISER) AS PART OF PLAINTIFFS REHABILITAT-
16 ION AND RECOVERY. PRISON GUARDS AND MEDICAL OFFICIALS CANNOT
17 INTENTIONALLY DENY OR DELAY ACCESS TO ORDERED TREATMENT OR
18 INTERFERE WITH TREATMENT THAT A DOCTOR/SPECIALIST HAS OR-
19 DERED. DUE TO THE PREVIOUSLY MENTIONED FACTS PERTAINING TO
20 PLAINTIFFS NUMEROUS ATTEMPTS TO RECEIVE AN ORDERED FOLLOW-
21 UP MEDICAL APPOINTMENT, IT IS CLEAR THAT THERE WAS DEL-
22 IBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED. A PHYS-
23 ICIAN (DEFENDANT KIRK A. KAISER) HAD DIAGNOSED AND ORDERED
24 THE NEED FOR A FOLLOW-UP MEDICAL APPOINTMENT MANDATING
25 TREATMENT "IN 4 TO 5 WEEKS", NOT SEVEN MONTHS LATER. UPON
26 INFORMATION AND BELIEF, IT IS CLEAR AND OBVIOUS THAT DEF-
27 ENDANTS HONORED THIS FOLLOW-UP MEDICAL APPOINTMENT (OVER
28 SEVEN MONTHS AFTER THE FACT) DUE ONLY TO THE NUMEROUS AGENCIES

—STATEMENT OF CLAIM—     42. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →

JL. L. Owens
American Inmate
Paralegal Association

1 WHO WERE INQUIRING INTO PLAINTIFFS SERIOUS MEDICAL NEEDS
2 AS OPPOSED TO PROVIDING MEDICAL CARE AT THE APPROPRIATE TIME.
3     69. ON 3·8·07, DURING THE FOLLOW·UP MEDICAL APPOINTMENT
4 (THAT HAD BEEN DELAYED FOR OVER 7-MONTHS), PLAINTIFF SPOKE TO
5 HIS ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) ABOUT THE
6 FACT THAT HE HAD NEVER RECEIVED ANY OF THE PHYSICAL THERAPY
7 AT HIGH DESERT STATE PRISON SINCE THE INITIAL ORDERS ON
8 5·30·06. PLAINTIFF ALSO INQUIRED AS TO WHETHER OR NOT
9 PHYSICAL THERAPY COULD BE OF ANY BENEFIT AT THAT POINT
10 IN TIME. THE ORTHOPEDIC SURGEON/SPECIALIST (DEFENDANT KIRK
11 A. KAISER) WENT ON TO EXPLAIN THAT WHATEVER FLEXIBILITY AND
12 MOBILITY THAT PLAINTIFF CURRENTLY HAD IN THE SURGICALLY
13 REPAIRED JOINT WOULD BE ALL THAT WOULD RETURN).
14     70. ON 3·13·07, FOLLOWING NINE MONTHS AND ELEVEN DAYS OF
15 REPEATED ATTEMPTS THROUGH DIFFERENT AVENUES & AGENCIES
16 TO RECEIVE THE REPEATED ORDERS FOR PHYSICAL THERAPY, PLAIN-
17 TIFF WAS ESCORTED TO A PHYSICAL THERAPIST AT HIGH DESERT
18 STATE PRISON. ON 5·30·06, FOLLOWING SURGERY, PLAINTIFFS OR-
19 THOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) BEGAN ORDERS FOR
20 PHYSICAL THERAPY AT HIGH DESERT STATE PRISON. THESE ORDERS
21 FOR PHYSICAL THERAPY WERE RENEWED AND DEEMED NECESSARY
22 ONCE AGAIN AT A FOLLOW UP MEDICAL APPOINTMENT ON 6·23·06
23 WITH THE ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER). THE
24 RENEWED ORDERS FOR PHYSICAL THERAPY WERE FOR "3 X A WEEK". ONCE
25 AGAIN ON 7·27·06, ORDERS FOR PHYSICAL THERAPY WERE RENEWED AND
26 DEEMED NECESSARY (3 X A WEEK) BY THE ORTHOPEDIC SURGEON (DEFEND-
27 ANT KIRK A. KAISER). UPON INFORMATION AND BELIEF, ONE DOES NOT
28 NEED MEDICAL TRAINING TO REALIZE THAT ATTEMPTING TO IM-


/E. L. Owens
American Inmate
Paralegal Association

- STATEMENT OF CLAIM-     43. (CONTINUED ON FOLLOWING PAGE· SEE ATTACHED)→

1 PLEMENT PHYSICAL THERAPY ON A SURGICALLY REPAIRED JOINT,

2 MORE THAN 9-MONTHS AFTER THE ORDERS, WOULD NOT HAVE ANY

3 BENEFICIAL RESULTS AND WOULD BE A COMPLETE WASTE OF TIME.

4 AFTER OVER 9-MONTHS WITH NO PHYSICAL THERAPY, THE SUR-

5 GICALLY REPAIRED JOINT WAS FROZEN, CALCIFIED, AND SEIZ-

6 ED UP CAUSING PAIN AND PERMANENT DAMAGE.

7   71. PLAINTIFF WAS EVENTUALLY ESCORTED TO A PHYSICAL

8 THERAPIST (DEFENDANT D. HOLLAND) AT HIGH DESERT STATE PRIS-

9 ON THREE SEPARATE OCCASIONS. THE APPOINTMENTS WITH THE

10 PHYSICAL THERAPIST (FOLLOWING A NINE MONTH AND ELEVEN DAY DE-

11 LAY) TRANSPIRED ON THE FOLLOWING DAYS: 3.13.07; 4.3.07; AND

12 5.1.07, THE INITIAL APPOINTMENT LASTED APPROXIMATELY 15. MIN-

13 UTES, THE FOLLOWING TWO APPOINTMENTS LASTED APPROXIMATELY

14 5-MINUTES EACH. NONE OF THE 3. APPOINTMENTS WITH THE PHYS-

15 ICAL THERAPIST (DEFENDANT D. HOLLAND) DID ANYTHING TO IN-

16 CREASE FLEXIBILITY AND MOBILITY IN THE SURGICALLY REPAIR-

17 ED JOINT. FOLLOWING THESE 3 APPOINTMENTS WITH THE PHYSICAL

18 THERAPIST PLAINTIFF REALIZED THAT THERE WAS ABSOLUTELY

19 NO INCREASE IN FLEXIBILITY, MOBILITY, AND STRENGTH. ALSO, NO

20 DECREASE IN PAIN AND SORENESS TO THE SURGICALLY REPAIRED

21 JOINT. PLAINTIFFS ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER)

22 WAS CORRECT IN STATING THAT PHYSICAL THERAPY WOULD NOT HELP

23 AFTER SO MUCH TIME HAD ELAPSED BETWEEN THE ORDERS AND IMP-

24 LEMENTATION.

25   72. DUE TO THE PREVIOUSLY MENTIONED FACTS PERTAINING TO

26 PLAINTIFFS NUMEROUS ATTEMPTS TO RECEIVE REPEATED ORDERS

27 FOR PHYSICAL THERAPY, IT IS CLEAR THAT DEFENDANTS (PRIS-

28 ON GUARDS AND MEDICAL STAFF) INTENTIONALLY DENIED AND REI-

1 AYED ACCESS TO ORDERED TREATMENT AND/OR INTERFERED WITH

2 TREATMENTS THAT A DOCTOR HAD ORDERED. IT IS ALSO VERY

3 CLEAR THAT THERE WAS DELIBERATE INDIFFERENCE TO A SERIOUS

4 MEDICAL NEED.

5    73. UPON INFORMATION AND BELIEF, IT IS CLEAR AND OB-

6 VIOUS THAT DEFENDANTS FINALLY HONORED THE REPEATED ORDERS

7 FOR PHYSICAL THERAPY (OVER 9-MONTHS AFTER THE ORIGINAL ORDERS)

8 DUE TO THE NUMEROUS AGENCIES WHO WERE INQUIRING INTO PLAIN-

9 TIFFS SERIOUS MEDICAL NEEDS, AS OPPOSED TO PROVIDING

10 MEDICAL CARE AT THE APPROPRIATE TIME.

11    74. DUE TO THE PREVIOUSLY MENTIONED FACTS, IT IS

12 CLEAR AND OBVIOUS THAT HIGH DESERT STATE PRISONS MED-

13 ICAL DEPARTMENT AND PRISON OFFICIALS WERE AWARE OF

14 PLAINTIFFS SERIOUS MEDICAL NEEDS AND FAILED TO RES-

15 POND REASONABLY TO THEM. THE LONG TERM DELAY IN MED-

16 ICAL CARE CAUSED PERMANENT HARM.

17    75. ON 4-10-07, FOLLOWING FULL EXHAUSTION OF THE

18 INMATE APPEAL - CDC FORM 602 - (SEE ATTACHED EXHIBITS-"Z

19 THROUGH LL"), PLAINTIFF FILED A GOVERNMENT CLAIMS

20 FORM (CALIFORNIA VICTIM COMPENSATION AND GOVERNMENT

21 CLAIMS BOARD) TO PROTECT HIS RIGHT TO SUE UNDER BOTH

22 STATE AND FEDERAL LAW. PLAINTIFFS CLAIMS UNDER BOTH

23 STATE AND FEDERAL LAW ARE BEING BROUGHT FORTH IN A

24 SINGLE LAWSUIT IN THE FEDERAL COURT (EASTERN DISTRICT

25 OF CALIFORNIA) UNDER THE LEGAL PRINCIPLE OF "RES JUD-

26 ICATA" (ALL CLAIMS ARISING OUT OF AN INCIDENT SHOULD

27 BE RAISED IN ONE LAWSUIT OR THE RIGHT TO BRING THE

28 CLAIMS MAY BE FORFEITED).

-STATEMENT OF CLAIM-    #5. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →

76. ALONG WITH THE GOVERNMENT CLAIM, PLAINTIFF FILED A "LEAVE TO PRESENT A LATE CLAIM" FOR REASONS DEEMED ALLOWABLE ACCCROING TO GOVERNMENT CODE SECTION 911.6. PLAINTIFF EXPLAINED TO THE GOVERNMENT CLAIMS BOARD, THAT THE CLAIM WAS BEING FILED LATE DUE TO 'EXCUSEABLE NEG-LECT" WHICH IS ONE OF THE ENUMERATED FACTORS WHICH CAN JUSTIFY THE FILING OF A LATE CLAIM. ON AUGUST 30th, 2007, THE VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD COMPLETED A REVIEW OF PLAINTIFFS "APPLICATION FOR LEAVE TO PRESENT A LATE CLAIM." BASED ON THAT REVIEW, STAFF RECCOMMENDED TO THE "CLAIMS BOARD" THAT THE LATE CLAIM APPLICATION BE DENIED FOR FAILURE TO MEET THE CRITERIA OF GOVERNMENT CODE SECTION 911.6. ON 9.25.07, THE VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD DENIED PLAINTIFFS APPLICATION TO PRESENT A LATE CLAIM. ON NOVEMBER 11th, 2007, PLAINTIFF FILED A PETITION IN LASSEN COUNTY SUPERIOR COURT FOR RELIEF FROM THE REQUIREMENTS OF GOVERNMENT CODE 945.4 (CLAIM PRESENTATION REQUIREMENT).

77. IN MID-JANUARY, 2008, PLAINTIFF RECEIVED A "MINUTE ORDER" DATED 1-15-08 FROM THE LASSEN COUNTY SUPERIOR COURT STATING, THAT "PETITIONERS MOTION REQUESTING THAT THE COURT CONDUCT A JUDICIAL HEARING TO ALLOW FOR THE LATE FILING OF A STATE BOARD OF CONTROL CLAIM IS DENIED. PETITIONER MUST SERVE AND FILE NOTICE OF TIME AND PLACE FOR HEARING HIS PETITION IN ACCORDANCE WITH THE LIST OF AVAILABLE DATES PREVIOUSLY FURNISHED HIM." (SEE ATTACH. EXHIBIT-'666') PLAINTIFF THEN SPENT THE FOLLOWING 13-MONTHS ATTEMPTING TO SCHEDULE A COURT DATE IN THE LASSEN COUNTY SUPERIOR COURT TO NO AVAIL.

-STATEMENT OF CLAIM-     46. (CONTINUED ON FOLLOWING PAGE-SEE ATTACHED)→

R. L. Owens
American Inmate
Paralegal Association

1. 78. DUE TO THE AFOREMENTIONED FACTS (DENIAL OF ORDERED
2. PAIN MEDICATION, LONG-TERM DENIAL OF ORDERED PHYSICAL THER-
3. APY, FAILURE TO TRANSPORT FOR A SCHEDULED MEDICAL APPOINT-
4. MENT WITHIN A REASONABLE TIME FRAME AND, CONFISCATION
5. OF A MEDICAL DEVICE), PLAINTIFF NOT ONLY SUFFERED AN UN-
6. NECESSARY AND WANTON INFLICTION OF PAIN BUT ALSO SUFFER-
7. ED PERMANENT DAMAGE TO HIS RIGHT RING FINGER/HAND.
8. 79. PLAINTIFF IS UNAWARE OF EXACTLY WHAT POST-OP-
9. ERATIVE CARE ORDERS WOULD HAVE BEEN DEEMED NECESSARY BY
10. HIS ORTHOPEDIC SURGEON (DEFENDANT KIRK A. KAISER) AT THE
11. FOLLOW-UP MEDICAL APPOINTMENT (THAT WAS SCHEDULED ON
12. 7-27-06, FOR THE END OF AUGUST OR BEGINNING OF SEPTEMBER-
13. "4 TO 5 WEEKS") BUT UPON INFORMATION AND BELIEF, ASSUMES
14. IT WOULD HAVE CONTINUED TO INVOLVE PHYSICAL THERAPY, A
15. DIFFERENT THERAPY BAND, X-RAYS, ADVICE AND INFORMATION
16. PERTAINING TO THE RECOVERY PROCESS.
17. 80. PLAINTIFF IS UNABLE TO BRING RIGHT RING FIN-
18. GER DOWN TO PALM WHICH CAUSES PROBLEMS WHEN ATTEMPTING
19. TO GRASP AND/OR HOLD OBJECTS WITH RIGHT HAND. DOING
20. ORDINARY CHORES WHERE GRASPING AND HOLDING OBJECTS IS
21. INVOLVED CAUSES PAIN AND DISCOMFORT. UPON INFORMATION AND
22. BELIEF, PLAINTIFF HAS SUFFERED THE LOSS OF APPROXIMATELY
23. FORTY TO SIXTY PERCENT OF MOBILITY, FLEXIBILITY, AND
24. STRENGTH IN RIGHT RING FINGER CAUSING PERMANENT IN-
25. JURY - DISABILITY WHICH COULD HAVE BEEN LARGELY AVOIDED
26. IF HIGH DESERT STATE PRISONS MEDICAL STAFF AND PRISON
27. OFFICIALS HAD ACTED PROMPTLY ON ALL POST-OPERATIVE CARE
28. INSTRUCTIONS ORDERED BY THE ORTHOPEDIC SURGEON (DEFENDANT

- STATEMENT OF CLAIM - 47. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED)→

1  KIRK A. KAISER). PLAINTIFF SUFFERED SEVERE AND EXCRUCIATING

2  PAIN AFTER THE MEDICATIONS FROM SURGERY DISSIPATED...

3  RATHER THAN PROVIDE PLAINTIFF WITH ORDERED PAINKILLING

4  MEDICATION THE ORTHOPEDIC SURGEON DEEMED NECESSARY, CER-

5  TAIN DEFENDANTS CHOSE TO GIVE PLAINTIFF IBUPROFEN AND

6  ACETAMINOPHEN (TYLENOL/ASPIRIN AS OPPOSED TO VICODIN) FOR THE

7  PAIN. THE DENIAL OF THE ORDERED PAINKILLING MEDICATION

8  CAUSED PLAINTIFF THE UNNECESSARY AND WANTON INFLICTION OF

9  PAIN WHICH IS A VIOLATION OF THE EIGHTH AMENDMENTS CON-

10  STITUTIONAL RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT.

11  ¶1. PLAINTIFF HAS BEEN EMPLOYED AS A LABORER AND/OR

12  FACTORY WORKER HIS ENTIRE LIFE (BOTH AS A FREE MAN AND

13  WHILE INCARCERATED) NINETY-EIGHT PERCENT OF HIS PREVIOUS

14  EMPLOYMENT INVOLVED THE USE OF TWO STRONG HANDS. NOW

15  THE GRABBING AND GRIPPING STRENGTH IN PLAINTIFFS RIGHT

16  HAND IS SEVERELY COMPROMISED.

17  ¶2. AT THE TIME OF FILING OF INMATE APPEAL (CDC FORM

18  602) PERTAINING TO PLAINTIFFS SERIOUS MEDICAL NEEDS

19  (9-11-06- SEE ATTACHED EXHIBIT, Z-"INMATE APPEAL") PLAINTIFF

20  WAS NOT AWARE OF THE NAMES OF HIGH DESERT STATE PRISON

21  MEDICAL STAFF WHO WERE ACTIVELY DENYING AND/OR DELAYING

22  HIS ACCESS TO MEDICAL CARE. MEDICAL STAFF AND MEDICAL PERSONELL

23  ARE NOT REQUIRED TO WEAR A CLEARLY DISPLAYED NAMEPLATE

24  AT HIGH DESERT STATE PRISON, THEREFORE, PLAINTIFF COULD NOT

25  BE AWARE OF NAMES OF MEDICAL STAFF. ON 7.6.06 AND 8.13.06,

26  PLAINTIFF REQUESTED THE NAMES OF ALL MEDICAL PERSONELL

27  INVOLVED IN HIS POST-OPERATIVE CARE TREATMENTS THROUGH

28  TWO SEPARATE "INMATE REQUEST FOR INTERVIEW" SLIPS WHICH

—STATEMENT OF CLAIM—     4 P.     (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED)→

1  WERE NEVER RESPONDED TO. SEE ATTACHED EXHIBITS "Q" AND "X".

2  ONLY AFTER PLAINTIFF PURCHASED PHOTO-COPIES OF HIS OWN

3  MEDICAL FILE WAS HE MADE AWARE OF THE NAMES OF HIGH

4  DESERT STATE PRISON MEDICAL STAFF (DEFENDANTS) WHO WERE

5  INVOLVED IN THE DELAY AND/OR DENIAL OF MEDICAL CARE FOR

6  HIS SERIOUS MEDICAL NEEDS. AFTER ATTAINING THE NAMES

7  OF MEDICAL STAFF AND PRISON PERSONELL (DEFENDANTS), THEY

8  WERE DOCUMENTED ON THE "CALIFORNIA STATE BOARD OF CONTROL

9  CLAIM" THAT PLAINTIFF FILED ON 4.10.07. THEREFORE, THE

10  STATE WAS PROVIDED WITH A LIST OF NAMES OF MEDICAL

11  STAFF AND PRISON PERSONELL BEING COMPLAINED AGAINST.

12            * EXHAUSTION OF LEGAL REMEDIES *

13      ₰3. PLAINTIFF GARY RAYMOND XAVIER USED THE PRISONER

14  GRIEVANCE PROCEDURE AVAILABLE AT HIGH DESERT STATE PRISON

15  TO TRY AND SOLVE HIS MEDICAL PROBLEMS. ON 9-11-06, PLAIN-

16  TIFF GARY RAYMOND XAVIER PRESENTED THE FACTS RELATING TO

17  THIS COMPLAINT IN THE FORM OF AN INMATE APPEAL (CDC FORM

18  602). ON 3·14-07, PLAINTIFF GARY RAYMOND XAVIER WAS SENT A

19  RESPONSE FROM DIRECTORS LEVEL REVIEW (FINAL REVIEW), STAT-

20  ING THAT THE INMATE APPEAL HAD BEEN CANCELLED, THEREFORE,

21  COMPLETING FULL EXHAUSTION OF ADMINISTRATIVE REMEDIES.

22  SEE PAGES 31 (LINE 18-PARAGRAPH 55) TO 34 (LINE 22) IN "STATE-

23  MENT OF CLAIM" FOR FURTHER DETAIL AND INFORMATION PERTAINING

24  TO THIS MEDICAL APPEAL. (COPIES OF PLAINTIFFS MEDICAL APPEAL

25  ARE ATTACHED AS EXHIBITS TO THIS COMPLAINT) = (EXHIBITS "Z THRU LL")–

26  ₰4. ALSO ON 1·14·07, PLAINTIFF GARY RAYMOND XAVIER PRE-

27  SENTED THE FACTS RELATING TO THIS COMPLAINT (ON A SEP-

28  ARATE APPEAL) IN THE FORM OF AN INMATE APPEAL. AS OF

-STATEMENT OF CLAIM AND-           49.   (CONTINUED ON FOLLOWING PAGE - SEE ATTACH)
-EXHAUSTION OF LEGAL REMEDIES-

1  P. 21.07, PLAINTIFF GARY RAYMOND XAVIER WAS SENT A RES-
2  PONSE FROM DIRECTORS LEVEL REVIEW (FINAL REVIEW) STATING THAT
3  THE INMATE APPEAL HAD BEEN DENIED, THEREFORE, COMPLETING
4  FULL EXHAUSTION OF ADMINISTRATIVE REMEDIES. SEE PAGES 39
5  (LINE 9-PARAGRAPH 64) TO 42 (LINE 4) IN "STATEMENT OF CLAIM" FOR
6  FURTHER DETAIL AND INFORMATION PERTAINING TO THIS MEDICAL
7  APPEAL. (COPIES OF PLAINTIFFS APPEAL FOR CONFISCATION OF A
8  MEDICAL DEVICE ARE ATTACHED AS EXHIBITS TO THIS COMPLAINT).
9  (EXHIBITS-"QQ THRU ZZ") - PLAINTIFF AFFORDED DEFENDANTS REPEATED
10 OPPURTUNITIES TO ADDRESS HIS SERIOUS MEDICAL NEEDS THROUGH
11 EACH AND EVERY LEVEL OF THE APPEALS PROCESS, THEREFORE, PLAINTIFFS
12 ADMINISTRATIVE REMEDIES WERE EXHAUSTED. (SEE ATTACHED EXHIB-
13 ITS :"Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK, LL, AND QQ, RR,
14 SS, TT, UU, VV, WW, XX, YY, ZZ").
15           ✴ CAUSES OF ACTION/LEGAL CLAIMS ✴
16  P5. PLAINTIFF SUPPORTS THE FOLLOWING CLAIM BY REFER-
17 ENCE TO THE PREVIOUS PARAGRAPHS (1-82) OF THIS COMPLAINT :
18           ✴ FIRST CLAIM FOR RELIEF ✴
19 (EIGHTH AMENDMENT VIOLATION- DELIBERATE INDIFFER-
20 ENCE TO SERIOUS MEDICAL NEEDS).
21  86. THE DELIBERATE INDIFFERENCE TO SERIOUS MED-
22 ICAL NEEDS VIOLATED PLAINTIFF GARY RAYMOND XAVIER'S
23 RIGHTS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT,
24 UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CON-
25 STITUTION.
26  87. PLAINTIFFS MEDICAL CONDITION, AS DESCRIBED
27 HEREIN, CONSTITUTES A SERIOUS MEDICAL NEED IN THAT
28 FAILURE TO TREAT THE CONDITION HAS RESULTED IN FUR-

-EXHAUSTION OF LEGAL REMEDIES-   50. (CONTINUED ON FOLLOWING PAGE- SEE ATTACHED) →
AND CAUSES OF ACTION/LEGAL CLAIMS-

1 THER SIGNIFICANT INJURY. SAID INJURY HAS INCLUDED,
2 BUT NOT NECESSARILY BEEN LIMITED TO, VERY SEVERE PAIN, LOSS
3 OF APPROXIMATELY FORTY TO SIXTY PERCENT OF MOBILITY,
4 FLEXIBILITY, AND STRENGTH IN THE RIGHT RING FINGER. THE
5 RIGHT RING FINGER IS STIFF, SORE, PAINFUL (UNLESS IM-
6 MOBILE), ARTHRITIC, AND HAS CAUSED DECREASED FLEXIBILITY,
7 MOBILITY, AND STRENGTH IN THE RIGHT PINKY FINGER. THESE
8 PERMANENT INJURIES HAVE CAUSED LIMITED USE IN PLAINTIFFS
9 RIGHT HAND. PLAINTIFF HAS SUSTAINED MODERATE FUNCTIONAL
10 LOSS OF HIS RIGHT HAND WHICH IS PERMANENT. PLAINTIFFS
11 MEDICAL CONDITION ALSO SIGNIFICANTLY AFFECTS HIS AC-
12 TIVITIES IN PRISON EACH AND EVERY DAY.
13      87. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON
14 ALLEGES, THAT DEFENDANTS HAVE ACTED INTENTIONALLY IN THE
15 MANNER DESCRIBED ABOVE AND WITH KNOWLEDGE OF PLAINTIFF'S
16 SUFFERING AND THE RISK OF FURTHER SERIOUS HARM THAT COULD
17 RESULT FROM THEIR ACTIONS OR REFUSAL TO ACT.
18      89. DEFENDANTS CONDUCT VIOLATES 42 U.S.C. 1983, BECAUSE
19 THAT CONDUCT CONSTITUTES DELIBERATE INDIFFERENCE TO
20 PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF HIS
21 EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UN-
22 USUAL PUNISHMENT.
23      90. AS A PROXIMATE RESULT OF THE DEFENDANTS CONDUCT,
24 PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL
25 DAMAGES IN THE FORM OF SEVERE PAIN AND SUFFERING AND
26 EMOTIONAL DISTRESS. PLAINTIFF IS INFORMED AND BEL-
27 IEVES, AND THEREON ALLEGES, THAT HE WILL CONTINUE TO
28 SUFFER SUCH DAMAGES IN THE FUTURE.

Jt. L. Ovens
American Inmate
Paralegal Association

1       91. AS A FURTHER PROXIMATE RESULT OF DEFENDANTS

2 CONDUCT, PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON

3 ALLEGES, THAT HE WILL SUFFER SPECIAL DAMAGES IN THE FUTURE

4 IN THE FORM OF POTENTIAL MEDICAL EXPENSES FOR TREATMENT

5 OF HIS CONDITION, AND LOSS OF INCOME.

6       92. IN ACTING AS DESCRIBED HEREIN ABOVE, DEFENDANTS

7 ACTED DESPICABLY, KNOWINGLY, WILLFULLY, AND MALICIOUSLY, OR

8 WITH RECKLESS OR CALLOUS DISREGARD FOR PLAINTIFFS FED-

9 ERALLY PROTECTED RIGHTS, ENTITLING PLAINTIFF TO AN AWARD

10 OF COMPENSATORY, NOMINAL, AND PUNITIVE DAMAGES.

11       ✳ SECOND CLAIM FOR RELIEF ✳

12       93. PLAINTIFF SUPPORTS THE FOLLOWING CLAIM BY REFER-

13 ENCE TO THE PREVIOUS PARAGRAPHS $(1-92)$ OF THIS COMPLAINT:

14       94. THE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL

15 NEEDS VIOLATED PLAINTIFF GARY RAYMOND XAVIER'S RIGHTS

16 AND CONSTITUTED A DUE PROCESS VIOLATION UNDER THE

17 FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

18       (FOURTEENTH AMENDMENT VIOLATION - DUE PROCESS CLAUSE)

19       95. PLAINTIFFS MEDICAL CONDITION, AS DESCRIBED HEREIN,

20 CONSTITUTES A SERIOUS MEDICAL NEED IN THAT FAILURE TO

21 TREAT THE CONDITION HAS RESULTED IN FURTHER SIGNIFICANT

22 INJURY. PLAINTIFF'S MEDICAL CONDITION ALSO SIGNIFICANT-

23 LY AFFECTS HIS ACTIVITIES IN PRISON EACH AND EVERY

24 DAY.

25       96. PLAINTIFF IS INFORMED AND BELIEVES, AND THERE-

26 ON ALLEGES, THAT DEFENDANTS HAVE ACTED INTENTIONALLY

27 IN THE MANNER DESCRIBED ABOVE AND WITH KNOWLEDGE OF

28 PLAINTIFF'S SUFFERING AND THE RISK OF FURTHER SERIOUS

E. L. Owens
American Inmate
Paralegal Association

1  HARM THAT COULD RESULT FROM THEIR ACTIONS OR REFUSAL TO
2  ACT.

3  97.  DEFENDANTS CONDUCT VIOLATES 42 U.S.C. 1983, BECAUSE
4  THAT CONDUCT CONSTITUTES A DUE PROCESS VIOLATION ACCORD-
5  ING TO THE FOURTEENTH AMENDMENT WHICH PROTECTS A
6  STATE PRISONER'S RIGHTS UNDER THE EIGHTH AMENDMENT
7  AGAINST CRUEL AND UNUSUAL PUNISHMENT.

8  98.  AS A PROXIMATE RESULT OF THE DEFENDANTS CONDUCT,
9  PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL
10  DAMAGES IN THE FORM OF SEVERE PAIN AND SUFFERING AND
11  EMOTIONAL DISTRESS. PLAINTIFF IS INFORMED AND BELIEVES,
12  AND THEREON ALLEGES, THAT HE WILL CONTINUE TO SUFFER SUCH
13  DAMAGES IN THE FUTURE.

14  99.  AS A FURTHER PROXIMATE RESULT OF DEFENDANTS CONDUCT,
15  PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES,
16  THAT HE WILL SUFFER SPECIAL DAMAGES IN THE FUTURE IN
17  THE FORM OF MEDICAL EXPENSES FOR POTENTIAL TREATMENT
18  OF HIS CONDITION, AND LOSS OF INCOME.

19  100.  IN ACTING AS DESCRIBED HEREIN ABOVE, DEFENDANTS
20  ACTED DESPICABLY, KNOWINGLY, WILLFULLY, AND MALICIOUSLY,
21  OR WITH RECKLESS OR CALLOUS DISREGARD FOR PLAINTIFFS
22  FEDERALLY PROTECTED RIGHTS, ENTITLING PLAINTIFF TO AN
23  AWARD OF COMPENSATORY, NOMINAL, AND PUNITIVE DAMAGES.

24  ✳ STATUTE OF LIMITATIONS - CIVIL RIGHTS LAWSUIT ✳
25  101.  42 U.S.C. 1983 - SECTION 1983 DOES NOT CONTAIN A SPECIFIC
26  STATUTE OF LIMITATIONS, THE COURTS APPLY THE TIME LIMITS
27  OF THE STATE IN WHICH THE INJURY OCCURRED. IN THIS CASE,
28  THE CALIFORNIA TIME LIMITS GIVES A PERSON 2 - YEARS

CAUSES OF ACTION/LEGAL CLAIMS -   53.   (CONTINUED ON FOLLOWING PAGE) —→
- STATUTE OF LIMITATIONS -

R. L. Owens
American Inmate
Paralegal Association

1  TO FILE A LAWSUIT SEEKING MONEY DAMAGES (CODE OF CIVIL
2  PROCEDURE 335.1). IN ADDITION, "FOR PRISONERS SERVING DET-
3  ERMINATE SENTENCES" OR LIFE WITH THE POSSIBILITY OF
4  PAROLE, THE TIME LIMITS FOR FILING A CIVIL RIGHTS
5  ACTION FOR DAMAGES ARE TOLLED (OR DO NOT BEGIN) FOR 2 ADD-
6  ITIONAL YEARS. (CODE OF CIVIL PROCEDURE 352.1). THUS, MOST
7  PRISONERS WHO FILE A SECTION 1983 LAWSUIT FOR MONEY DAM-
8  AGES HAVE 4-YEARS PRIOR TO THE TIMELINE EXPIRING. IN THIS
9  CASE, PLAINTIFF IS A PRISONER SERVING A DETERMINATE SEN-
10 TENCE, THEREFORE HAS 4-YEARS TO FILE A LAWSUIT SEEKING
11 MONEY DAMAGES. THE STATUTE OF LIMITATIONS HAS NOT EX-
12 PIRED IN THIS CASE.

27 DATED: MARCH, 15th, 2009.

GARY R. XAVIER

STATUTE OF LIMITATIONS — 54.

**V.** * PRAYER FOR RELIEF *

102. WHEREFORE, PLAINTIFF GARY RAYMOND XAVIER RESPECT-
FULLY PRAYS FOR JUDGEMENT AGAINST DEFENDANTS AS
FOLLOWS:

1. DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN
VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND
LAWS OF THE UNITED STATES;

2. FOR COMPENSATORY DAMAGES, ACCORDING TO PROOF;

3. FOR NOMINAL DAMAGES, ACCORDING TO PROOF;

4. FOR PUNITIVE DAMAGES, ACCORDING TO PROOF;

5. A TRIAL ON ALL ISSUES THAT ARE TRIABLE;

6. FOR COST OF THE SUIT; AND

7. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY
DEEM JUST AND PROPER.

RESPECTFULLY SUBMITTED,

GARY RAYMOND XAVIER
# J. 20637
SALINAS VALLEY STATE PRISON
P.O. BOX 1050/ D9-118
DATED: MARCH, 15th, 2009.          SOLEDAD, CA. 93960-1050

-PRAYER FOR RELIEF-          55.

# \* VERIFICATION \*

103.   PURSUANT TO 28 U.S.C. 1746, I DECLARE AND VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON: MARCH, 15th, 2009.


DATED: MARCH, 15th, 2009.

GARY RAYMOND XAVIER

E. L. Owens
American Inmate
Paralegal Association

| | |
|---|---|
| GARY RAYMOND XAVIER | MOTION FOR APPOINTMENT |
| PLAINTIFF, | OF COUNSEL |
| VS. | CIVIL ACTION NO. |
| S.M. ROCHE C.M.O., et. al. | |
| DEFENDANTS | |

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL.

PURSUANT TO 28 U.S.C. 1915 (e)(1), PLAINTIFF MOVES FOR AN ORDER APPOINTING COUNSEL TO REPRESENT HIM IN THIS CASE. IN SUPPORT OF THIS MOTION, PLAINTIFF STATES:

1. PLAINTIFF CANNOT AFFORD TO HIRE A LAWYER. HE HAS REQUESTED LEAVE TO PROCEED IN FORMA PAUPERIS IN THIS CASE.

2. PLAINTIFFS IMPRISONMENT WILL GREATLY LIMIT HIS ABILITY TO LITIGATE THIS CASE. THIS CASE WILL LIKELY INVOLVE SUBSTANTIAL INVESTIGATION AND DISCOVERY. ALSO, THE LAW LIBRARY HERE IN THE ADMINISTRATIVE SECREGATION UNIT AT SALINAS VALLEY STATE PRISON IS ANTIQUATED AND INEFFECTUAL. (EXCEPTIONAL CIRCUMSTANCES ACCORDING TO 28 U.S.C. 1915 (d).)

3. THE ISSUES IN THIS CASE ARE COMPLEX. A LAWYER WOULD HELP PLAINTIFF TO APPLY THE LAW PROPERLY IN BRIEFS AND BEFORE THE COURT. PLAINTIFF HAS NEVER BEFORE REPRESENTED HIMSELF IN A CIVIL LEGAL PROCEEDING AND HAS LIMITED KNOWLEDGE OF THE LAW. (EXCEPTIONAL CIRCUMSTANCES)

4. A TRIAL IN THIS CASE WILL LIKELY INVOLVE CONFLICT-

K. L. Owens
American Inmate
Paralegal Association

MOTION FOR APPOINTMENT — OF COUNSEL —        1. (CONTINUED ON FOLLOWING PAGE - SEE ATTACHED)

1 | ING TESTIMONY. A LAWYER WOULD ASSIST PLAINTIFF IN THE
2 | PRESENTATION OF EVIDENCE AND THE CROSS-EXAMINATION OF
3 | OPPOSING WITNESSES. ("EXCEPTIONAL CIRCUMSTANCES"- SEE 28 U.S.C. 1915(d))
4 | 5. PLAINTIFF HAS MADE REPEATED EFFORTS TO OBTAIN A LAWYER.
5 | ATTACHED TO THIS MOTION ARE THE NAMES AND ADDRESSES OF
6 | THE NUMEROUS CIVIL RIGHTS LAWYERS THAT PLAINTIFF CON-
7 | TACTED REQUESTING REPRESENTATION. ALSO ATTACHED, IS A COPY
8 | OF A LETTER SENT TO ONE OF THE CIVIL ATTORNEYS (DAVID H.
9 | TENNANT), PLAINTIFF MAILED LETTERS OF A SIMILIAR NATURE
10 | TO ALL LISTED ATTORNEYS TO NO AVAIL.
11 | WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT
12 | APPOINT COUNSEL TO REPRESENT HIM IN THIS CASE.
13 | RESPECTFULLY SUBMITTED, THIS 15th DAY OF
14 | MARCH, 2009.
15 |
16 |
17 | DATED: MARCH, 15th, 2009. GARY RAYMOND XAVIER
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |

K. L. Owens
American Inmate
Paralegal Association

28 | —MOTION FOR APPOINTMENT— 2. (CONTINUED ON FOLLOWING PAGE. SEE ATTACHED) →
        —OF COUNSEL—

1    * ATTACHED LIST OF CONTACTED CIVIL ATTORNEYS/ FOR MOTION *

2        * FOR APPOINTMENT OF COUNSEL *

3

4    1.) JOHN BRYDON, 425 CALIFORNIA ST., STE. 1400, SAN FRANCISCO, CA.

5    94104.

6    2.) PETER B. BREKHUS, LAW OFFICES OF PETER B. BREKHUS, 1000

7    DRAKES LANDING RD., GREENBRAE, CA. 94904.

8    3.) ROBERT A. BUCCOLA (DREYER, BABICH, BUCCOLA, & CALLAHAM), 715

9    UNIVERSITY AVE., SAN FRANCISCO, CA. 95825.

10    4.) STEVE M. DEFILLIPRIS ESQ., 625 N. FIRST ST., SAN JOSE,

11    CA. 95112.

12    5.) CHARLES CARBONE ESQ., PMB 212-3128, 16th ST., SAN FR-

13    ANCISCO, CA. 94103.

14    6.) WILLIAM L. SCHMIDT ESQ., 791 PRICE ST. #170 PISMO

15    BEACH, CA. 93449.

16    7.) MICHAEL W. BIEN, (ROSEN, BIEN, ASARO), 155 MONTGOMERY ST.,

17    8th FLOOR, SAN FRANCISCO, CA. 94104.

18    8.) DANIEL E. WILCOXEN (WILCOXEN, CALLAHAN, MONTGOMERY, AND

19    DEACON), 2114 K. ST., SACRAMENTO, CA. 95816.

20    9.) DAVID. H. TENNANT (TENNANT AND INGRAM), 2101 W. ST. STE.

21    445, SACRAMENTO, CA. 95818.

22    10.) SANFORD J. ROSEN (ROSEN, BIEN, ASARO), 155 MONTGOMERY

23    ST., 8th FLOOR, SAN FRANCISCO, CA. 94104.

24

25            ~~G. Xa~~

26    DATED: MARCH, 15th 2009.      GARY RAYMOND XAVIER

27

G. L. Owens
American Inmate
Paralegal Association

28

— MOTION FOR APPOINTMENT—   3.
— OF COUNSEL—

GARY R. XAVIER J. 20637
P.O. BOX 3030 / 4-6 150
HIGH DESERT STATE PRISON
SUSANVILLE, CA. 96127

(PG. 1)

MAY 23rd, 2007

TO: DAVID H. TENNANT
(TENNANT & INGRAM)
2101 W. ST STE. 445
SACRAMENTO, CA. 95814

DEAR MR. TENNANT,

JUST A BRIEF LETTER TO SHARE SOME INFORMATION PERTAINING TO A MEDICAL LAWSUIT THAT I WILL BE FILING AGAINST DOCTORS, MEDICAL STAFF, & PRISON OFFICIALS AT HIGH DESERT STATE PRISON. I CAME ACROSS YOUR NAME IN THE ATTORNEY LISTINGS & THOUGHT I WOULD OFFER YOU THE OPPORTUNITY TO TAKE MY CASE ON A CONTINGENCY FEE BASIS. THE ISSUE IS PRETTY CLEAR & FROM THE CASE LAW I HAVE FOUND PERTAINING TO IT, I'M ASSUMING I HAVE A VERY STRONG CASE. MY MAIN PROBLEM IS THAT THE 1983 CIVIL LITIGATION PROCESS (OR STATE TORT LAWSUIT), AS YOU'RE AWARE, IS VERY COMPLEX & I WOULD HATE TO LOSE MY CHANCE TO BE COMPENSATED FOR MY PERMANENT INJURY DUE TO A PROCEDURAL ERROR OR THROUGH IGNORANCE OF LAW.

LET ME ORTELLY SHARE SOME OF MY CASE WITH YOU & YOU CAN DECIDE FOR YOURSELF IF YOU ARE INTERESTED. ON 5-30-06, SURGERY WAS PERFORMED ON MY RIGHT RING FINGER BY KIRK A. KAISER (M.D. OF RENO ORTHOPEDIC CLINIC, 555 N. ARLINGTON AVE. RENO, NV. P800 AT NORTHERN NEVADA MEDICAL CENTER TO REPAIR A BROKEN KNUCKLE. THE SURGERY WAS COMPLETED, & I WAS RETURNED TO HIGH DESERT STATE PRISON THE SAME DAY.

DR. KAISER INSERTED 2 SURGICAL SCREWS DURING THE OPERATION

(PG.2)

+ USED BETWEEN 7 TO 10 SUTURES TO CLOSE THE WOUND. THE DOCTOR ORDERED PAIN MEDICATION (VICODIN EVERY 4 TO 6 HOURS AS NEEDED FOR PAIN) + PHYSICAL THERAPY 3 TIMES PER WEEK AS POST OPERATIVE CARE. ONCE I ARRIVED BACK AT THE PRISON, I WAS TOLD THAT I WOULD NOT BE RECEIVING THE PRESCRIBED PAIN MEDICATION, BUT THAT THEY WOULD GIVE ME ASPIRIN IN-STEAD! NEEDLESS TO SAY, I AWOKE LATER THAT EVENING IN EXCRUCIATING PAIN WHICH DID NOT SUBSIDE FOR ABOUT 3-DAYS REGARDLESS OF HOW MANY ASPIRINS I CONSUMED (PAIN AND SUFFERING).

THE FOLLOWING DAY (5·31·06), I MANAGED TO SCRAWL A HEALTH CARE SERVICES REQUEST FORM PLEADING FOR SOMETHING TO EASE THE PAIN. MEDICAL STAFF INTERVIEWED ME + DENIED MY REQUEST FOR PAIN MEDICATION + INSTRUCTED ME TO CONTINUE TAKING IBUPROFEN!

ACCORDING TO DR. KATSIRAS POST OPERATIVE CARE ORDERS, I SHOULD HAVE BEEN RECEIVING ACTIVE + PASSIVE PHYSICAL THER-APY 3-TIMES PER WEEK FOLLOWING THE INITIAL SURGERY. I WAS NEVER TAKEN (ESCORTED) FOR PHYSICAL THERAPY AT ALL

ON JUNE 23rd, 2006, I WAS TRANSPORTED BACK TO DR. KATSIRAS OFFICE IN RENO FOR A FOLLOW-UP APPOINTMENT WHERE (AFTER X-RAYS + A PHYSICAL EXAMINATION) THE DOCTOR ORDERED MORE PHYSICAL THERAPY (ONCE AGAIN), 3-TIMES PER WEEK. UPON RETURN TO THE PRISON, I ONCE AGAIN WAS NEVER TAKEN FOR PHYSICAL THERAPY.

ON JULY 27th 2006, I WAS TRANSPORTED BACK TO DR. KATSIRAS OFFICE IN RENO FOR ANOTHER FOLLOW-UP APPOINTMENT WHERE (AFTER X-RAYS + A PHYSICAL EXAMINATION) THE DOCTOR ORDERED MORE PHYSICAL THERAPY (3 TIMES PER WEEK). ONCE AGAIN, UPON

RETURN TO THE PRISON), I NEVER RECEIVED ANY PHYSICAL THERAPY DURING EACH OF THESE FOLLOW-UP APPOINTMENTS, DR. KAISER ASKED IF I WAS RECEIVING HIS ORDERED PHYSICAL THERAPY AND I EXPLAINED TO HIM THAT HIS POST-OPERATIVE CARE ORDERS WERE BEING IGNORED AT THE PRISON.

ON 6.26.06, I SUBMITTED AN INMATE REQUEST FOR INTER-VIEW) TO THE SPECIALTY CLINIC REQUESTING THE ORDERED PHYSICAL THERAPY WHICH DID NOTHING TO HELP RECEIVE THE ORDERED THERAPY. ON 7.9.06, I FILLED OUT + SUBMITTED A HEALTH CARE SERVICES REQUEST FORM ASKING FOR THE ORDERED PHYSICAL THERAPY WHICH DID NOT HELP AT ALL

AFTER MY JULY 27th 2006, SCHEDULED FOLLOW-UP APPOINTMENT, I WAS SCHEDULED FOR ANOTHER FOLLOW-UP APPOINTMENT FOR THE END OF AUGUST 2006 WHICH I WAS NEVER TRANSPORTED TO.

DUE TO THE FAILURE OF HIGH DESERT STATE PRISON'S MEDICAL STAFF + PRISON PERSONNEL TO DISPENSE PAINKILLING MEDICATION) + ORDERED PHYSICAL THERAPY AFTER SURGERY, I HAVE LOST APPROXIMATELY 40 TO 60% OF MOBILITY + FLEXIBILITY IN MY RIGHT PINK FINGER. IT IS ALSO STILL SORE + I BELIEVE ARTHRITIC + FOR SOME REASON HAS DECREASED MOBILITY + FLEXIBILITY IN MY RIGHT PINKY FINGER.

MY ENTIRE LIFE, I HAVE BEEN) EMPLOYED AS A LAB-ORER OR FACTORY WORKER + ALL OF MY PREVIOUS EMPLOYMENT INVOLVED THE USE OF 2·STRONG HANDS. NOW THE GRABBING + GRIPPING STRENGTH IN MY RIGHT HAND ITS ALMOST NON EXISTENT. THIS FAILURE TO PROPERLY ADDRESS A SERIOUS MEDICAL NEED + POST OPERATIVE CARE ORDERS IS SOME-THING THAT WILL HAVE A NEGATIVE IMPACT ON THE REST

OF MY LIFE.

ON 9-11-06, I SUBMITTED A MEDICAL APPEAL PERTAINING TO THE DENIAL OF PAIN MEDICATION, THE DENIAL OF PHYS-ICAL THERAPY, + THE FAILURE TO TRANSPORT ME FOR AN ORDERED FOLLOW-UP MEDICAL APPOINTMENT. THE APPEAL WAS PARTIALLY GRANTED ON THE INFORMAL LEVEL INSTRUCTING THE PRISON TO RESCHEDULE ME FOR THE MISSED FOLLOW-UP APPOINTMENT FROM AUGUST OF 2006 BUT RESPONDENT IGNORED THE ISSUES OF WITHHOLDING PAIN MEDICATION & THE FAILURE TO ACT ON THE REPEATED ORDERS FOR PHYSICAL THERAPY.

FINALLY ON 3-8-07, THE FOLLOW UP APPOINTMENT THAT WAS ORDERED FOR THE END OF AUGUST 2006 WAS MET, 6-MONTHS + 8-DAYS AFTER THE FACT! ON 9-7-06, I HAD FILED A HEALTH CARE SERVICES REQUEST FORM REQUESTING MY SCHEDULED FOLLOW UP APPOINTMENT FOR AUGUST OF 2006 WITH MY ORTHOPEDIC SURGEON TO NO AVAIL.

MY MEDICAL APPEAL (ADMINISTRATIVE REMEDIES) IS FULLY EXHAUSTED AND I ATTACHED IT TO A STATE BOARD OF CONTROL CLAIM FORM + FILED IT IN SACRAMENTO (TO KEEP OPEN THE AVENUE OF STATE TORT LAWSUIT). I'm AWAITING THEIR RESPONSE NOW). IT WAS FILED ON 4-10-07 + THEY HAVE 45-DAYS TO RESPOND. THE MEDICAL APPEAL WAS RECENTLY IN THE CARE OF THE "PRISON LAW) OFFICE" IN SAN QUENTIN, CA. (THE GROUP THAT SUCCESSFULLY LITIGATED THE PLATA CASE WHERE IN JUNE OF 2002, THEY RECEIVED A COURT ORDER STIPULATING INJUNCTIVE RELIEF TO UPGRADE MEDICAL POLICIES IN CALIFORNIA'S DEPT OF CORRECTIONS) WHO WROTE THE ATTORNEY GENERALS OFFICE (SUPERVISING ATTORNEY GENERAL JOHN WOLFE)→

INQUIRING ABOUT MY MEDICAL ISSUES. THROUGH THE LAW
OFFICES HELP, I WAS FINALLY TAKEN TO THE SCHEDULED FOLLOW-
UP APPOINTMENT FROM AUGST OF 2006 WHICH IT WAS 6-MOS.
+ 8-DAYS AFTER THE FACT + CLEARLY DONE ONLY BECAUSE OUT-
SIDE AGENCIES WERE CONTACTING THE PRISON) + INQUIRING
ABOUT MY LACK OF MEDICAL CARE.

THE PRISON LAW OFFICE HAS MADE IT CLEAR THAT THEY WOULD
NOT BE ABLE TO REPRESENT ME IN CIVIL LITIGATION PERTAINING TO
THIS CASE. THEY STATED THAT THEIR FOCUS IS CLASS-ACTION) SUITS
THAT AFFECT + ADVERSELY IMPACT LARGE NUMBERS OF PRISONERS + JUST
DO NOT HAVE THE FUNDING OR RESOURCES TO LITIGATE FOR INDIVIDUALS
ON 1-28-07, I WAS INTERVIEWED BY HIGH DESERT STATE PRISONS MEDICAL
STAFF (NURSE PRACTITIONER MILLER) PERTAINING TO THE QUESTIONS THAT WERE
FORWARDED TO THE ATTORNEY GENERAL'S OFFICE BY THE PRISON) LAW) OFFICE IN
MY BEHALF. N.P. MILLER STATED SHE WOULD SCHEDULE ME TO SEE THE PHYS-
ICAL THERAPIST. KEEP IN MIND THIS IS 8-MONTHS AFTER MY ORTHO.
SURGEON'S ORIGINAL ORDERS FOR P.T. FINALLY ON 3-13-07, I WAS SEEN
BY A PHYSICAL THERAPIST (HERE AT THE PRISON) FOR APPROX. 10-MINUTES
WHERE I WAS GIVEN) SOME PHOTO-COPIED) HAND STRETCHES + EXERCISES. THIS
APPOINTMENT CAME 9-MONTHS + 12-DAYS AFTER THE INITIAL ORDERS FOR
P.T. BY THE TIME I SAW THE PHYSICAL THERAPIST THE SURGICALLY REP-
AIRED) KNUCKLE JOINT, + ALSO THE JOINT AT THE TOP OF THE FINGER HAD
ALREADY BECOME FROZEN + CALCIFIED DUE TO NO P.T.

MY APPEALS PROCESS IS COMPLETELY EXHAUSTED AND I PLAN ON BRINGING
EITHER A 1983 FEDERAL CIVIL LAWSUIT OR A STATE TORT LAWSUIT. IF
YOU WOULD BE WILLING TO REPRESENT ME IN THIS MATTER (ON A CONTINGENCY
FEE BASIS) I WOULD BE WILLING TO SIGN A WRITTEN) CONTRACT AWARDING
YOU 33⅓ % OF ANY MONETARY JUDGMENT I RECEIVE. I HOPE YOU ARE IN-
TERESTED AS I COULD REALLY USE YOUR WISDOM + EXPERIENCE   M. Ka: