ALDON L. BOLANOS, ESQ., SBN. 233915
LAW OFFICES OF ALDON BOLANOS
NINE TWENTY-FIVE "G" STREET
SACRAMENTO, CA 95814
PH.   916.446.2800
FX.   916.446.2828
WWW.ALDONLAW.COM

Attorney for plaintiff GARY R. XAVIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. XAVIER,<br><br>           Plaintiff,<br><br>      vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS.<br><br>           Defendant. | Case No. 2:09-CV-07783-LKK-CMK<br><br>SECOND AMENDED COMPLAINT |

Plaintiff, Gary R. Xavier, in this his Second Amended Complaint, alleges as follows:

The Parties

1.      Plaintiff Gary R. Xavier is a California resident currently incarcerated within Salinas Valley State Prison, a branch of the California prison system administered by the California Department of Corrections.

2.      Defendant California Department of Corrections (hereinafter "Corrections") is a state agency, an arm of the executive branch of the government of the State of California.

Jurisdiction and Venue

3. This is a civil rights action brought under the United States Constitution, specifically the Eighth and Fourteenth Amendment, which guarantee that all citizens of the United States shall be free from cruel and unusual punishment. Additionally, this action is brought under federal statutory law, specifically 42 U.S.C. 1983, as it is alleged in detail below that defendant, under color of law, statute, ordinance, regulation, custom or usage, did subject plaintiff to the deprivation of his rights, privileges and immunities secured by the Constitution of the United States.

4. Jurisdiction in this court is based on "federal question" jurisdiction, and suit is expressly brought under federal statutes 28 USC 1331 and 1343. Venue is proper in the Eastern District of California because a substantial part of the events giving rise to the claim occurred at High Desert State Prison, which is located within the District.

Facts

5. On May 19, 2006, Plaintiff was injured while in the care, custody, and control of Corrections. Plaintiff injured his right ring finger.

6. After the surgery, the surgeon, one Dr. Kerkorian, whom it is alleged was acting in the course and scope of agency for Corrections, recommended pursuant to that agency relationship a prescription for vicodin, a painkiller, as well as a course of physical therapy.

7. On or about May 30, 2006, Plaintiff returned to High Desert State Prison and the custody, care and control of the medical staff there, including but not limited to a Nurse D. Carbatt. Plaintiff is informed and believes and thereon alleges that Corrections knew of the prescription upon receipt of the patient on or about this date, acknowledged as much in written documentation, and then simply refused, either negligently or recklessly, to administer the medically necessary medication or the requisite physical therapy.

8. Subsequent to this failure to administer medically-necessary medication and physical therapy, defendant Corrections, by and through its authorized agent Nurse Practicioner M. French, stated that Plaintiff could receive necessary pain medication only in a special medical environment called the "CTC" but that due to overcrowding, there were no beds available at this facility.

9. Due to the outright refusal to administer medically-necessary treatment and medication to Plaintiff, Plaintiff did suffer extreme and outrageous and unnecessary pain and suffering due to his injuries and subsequent surgery.

10. Plaintiff subsequently informed a security officer, agent of Defendant Corrections, of his pain and suffering while in his cell. The officer responded that he would "look into it," but no further contact was made with Plaintiff. Instead he was left to endure the pain in his cell.

11. Subsequently, Plaintiff made repeated documented requests for physical therapy, as prescribed by his physician. But Corrections, by and through its agents, never administered the required physical therapy, and instead ignored these repeated written requests.

12. Plaintiff has exhausted all remedies through the Inmate Appeal system through Corrections and the Medical Board of California.

FIRST CAUSE OF ACTION: VIOLATION OF 42 USC 1983

13. Plaintiff incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. Defendant Corrections had a duty to provide basic medical care pursuant to physician instructions to Plaintiff following Plaintiff's surgery.

15. Defendant breached that duty by failing to provide adequate medical care. This breach caused plaintiff extreme emotional and physical pain and suffering and resulted in his decreased use of his hand for the rest of his life. Therefore, plaintiff has been damaged in an amount according to proof.

16. Title 42 of the United States Code, section 1983, provides for a civil action for damages against any individual or entity, acting under color of official state authority, when that entity deprives any citizen of any rights guaranteed under the United States Constitution.

17. The United States Constitution guarantees that all citizens shall not be subjected to cruel and unusual punishment.

18. Defendant's refusal to give even the most basic post-operative medical care to Plaintiff in the form of physical therapy and prescribed painkillers constitutes cruel and unusual punishment.

WHEREFORE, the plaintiff, Gary R. Xavier, DEMANDS judgment against defendant, California Department of Corrections, IN THE AMOUNT OF ONE MILLION U.S. DOLLARS to

1  compensate him for the physical and emotional suffering he was forced to endure as a result of the
2  defendant's wanton disregard of his basic Constitutional rights.
3
4  Dated: May 20, 2011                    LAW OFFICES OF ALDON BOLANOS
5                                         */s/ Aldon L. Bolanos, Esq.*
6                                         ALDON L. BOLANOS, ESQ.