UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAYMOND XAVIER, | No. 2:09-cv-783 LKK CKD P |
| Plaintiff, | |
| v. | ORDER |
| M. FRENCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff was appointed counsel on February 7, 2011. (ECF No. 21.) Plaintiff asserts that he has not heard from his appointed counsel since May 24, 2012. He requests that the court inquire into his counsel's failure to respond to plaintiff's legal mail and, if necessary, order a substitution of counsel. (ECF No. 50.)

The United States Supreme Court held that "an indigent defendant has the same right to effective representation by an active advocate as a defendant who can afford to retain counsel of his or her choice." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435 (1988). The Ninth Circuit held that sufficient counsel under the Sixth Amendment was "competent" counsel. United States v. Holloway, 259 F.3d 1199, 1201 (9th Cir. 2001). The decision of the court to allow a motion for substitution or withdrawal of counsel is discretionary. United States

1

v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009). However, court discretion must be based on an inquiry into the request for substitute counsel. United States v. Musa, 220 F.3d 1096, 1102 (9th Cir. 2000). The Ninth Circuit held that a lack of *any* inquiry is an abuse of discretion. United States v. Ibanez-Espinosa, 284 F. App'x 490, 492 (9th Cir. 2008). The court's own observations, coupled with defendant's statements, were adequate to find insufficient grounds for substitute. Id.

With respect to indigent defendants and appointed counsel, the Ninth Circuit held that "limitations on the range of a defendant's free choice with regard to appointed or retained counsel are not constitutionally offensive." United States v. Robinson, 913 F.2d 712, 716 (9th Cir. 1990) (holding that defendant's pro se representation after refusing appointed counsel was not involuntary and not unconstitutional). In United States v. Garcia, 924 F.2d 925, 926 (9th Cir. 1991), the Ninth Circuit evaluated the district court's denial of a motion to substitute counsel based on three factors: "the timeliness of the motion, the adequacy of the lower court's inquiry into the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." See also United States v. Corona-Garcia, 210 F.3d 973, 977 (9th Cir. 2000). The Court has reaffirmed that only a "total lack of communication" meets the standard to question the competency of counsel. United States v. Sou, 216 F. App'x 704, 706 (9th Cir. 2007).

Accordingly, IT IS HEREBY ORDERED THAT within fourteen days of the date of this order, plaintiff's appointed counsel will file a response to plaintiff's assertions, specifically addressing his history of communicating with plaintiff over the course of this litigation.

Dated: August 12, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / xavi0783.ord