UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. XAVIER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. FRENCH, et al.,<br><br>    Defendants. | No. 2:09-cv-0783 LKK CKD P<br><br><br>ORDER |

On February 28, 2014, defendants filed a motion for summary judgment in this pro se prisoner action brought pursuant to 42 U.S.C. § 1983.  On March 10, 2014, plaintiff constructively filed a motion to extend the discovery deadline of December 6, 2013.  (ECF No. 66; see ECF No. 55.)  Plaintiff's motion is now before the court.

The following background is relevant:  On September 30, 2013, the undersigned granted a motion by plaintiff's then-appointed counsel to withdraw as plaintiff's attorney.  Plaintiff did not oppose the withdrawal motion, but requested that substitute counsel be appointed.  This request was denied.  (ECF No. 60.)  Plaintiff sought reconsideration of the order denying his request for substitute counsel; however, on December 11, 2013, the order was affirmed.  (ECF No. 64.)

In the instant motion, plaintiff asserts that, when he received the file from his former attorney on November 8, 2013, he "realized absolutely no discovery had been conducted."  (ECF

1

No. 66 at 1.)  At that time, plaintiff did not attempt to obtain discovery from defendants or extend the discovery deadline.  Rather, he contacted a law firm seeking representation in this action. (Id.)  More than three months after plaintiff received his file, and five months after he was ordered to proceed pro se, defendants filed their motion for summary judgment, to which plaintiff responded with the instant motion.  Plaintiff asserts that he has not received any information about the rules of summary judgment as required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Id. at 2.)  However, court records show that defendants served a Rand notice on plaintiff along with their motion for summary judgment.  (ECF No. 65-2.)

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  Here, the court does not find good cause to reopen discovery as plaintiff requests.  However, plaintiff will be granted an additional thirty days to file an opposition to defendants' motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for extension of time (ECF No. 66) is denied;

2. Plaintiff's renewed motion for appointment of counsel (ECF No. 67) is denied per ECF Nos. 60 and 64; and

3. Plaintiff is granted thirty days from the date of this order to file an opposition or statement of non-opposition to defendants' motion for summary judgment.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / xavi0783.disc

2