UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. XAVIER,<br><br>               Plaintiff,<br><br>     v.<br><br>M. FRENCH, et al.,<br><br>               Defendants. | No.  2:09-cv-0783 LKK CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on plaintiff's April 21, 2014 request for reconsideration of the magistrate judge's minute order filed March 25, 2014 (ECF No. 70), denying plaintiff's March 20, 2014 motion pursuant to Fed. R. Civ. P. 56(f) for a continuance of defendants' February 28, 2014 motion for summary judgment.  The magistrate judge denied plaintiff's March 20, 2014 motion "per the August 16, 2013 Discovery and Scheduling Order (ECF No. 55)" and a March 20, 2014 order (ECF No. 68) also issued by the magistrate judge. Plaintiff seeks reconsideration on the ground that he was represented by court-appointed counsel at the time the August 16, 2013 Discovery and Scheduling Order was issued and his court appointed attorney never informed him of that order.

/////

/////

1

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, for the reasons set forth herein, the court finds that the magistrate judge's ruling was clearly erroneous.

By order filed November 2, 2010 (ECF No. 18), this action was referred to the prisoner civil rights pro bono panel administrator of this court for appointment of counsel. Counsel was appointed by order filed February 7, 2011 (ECF No. 21). It took two and one half years from that point for the operative pleading, the third amended complaint, to be filed and served on defendants and for defendants to answer the complaint. Defendants' answer was filed on August 12, 2013 (ECF No. 53). Four days later, on August 16, 2013, the magistrate judge issued a Discovery and Scheduling Order, which was served on counsel of record. On the same day, plaintiff's court-appointed attorney filed a motion to withdraw (ECF No. 56). On August 28, 2013, plaintiff filed a motion for substitution of counsel (ECF No. 57). By order filed September 30, 2013 (ECF No. 60), the magistrate judge granted counsel's motion to withdraw and denied plaintiff's request for substitution of counsel. Plaintiff's motion for reconsideration of that order (ECF No. 61) was denied as untimely. See Order filed December 11, 2013 (ECF No. 64).

Although the magistrate judge's September 30, 2013 order informed plaintiff that he would be proceeding pro se in this action, there is no evidence in the record that plaintiff was ever served with a copy of the August 16, 2013 Discovery and Scheduling Order. In his declaration in support of the motion to withdraw, counsel averred, inter alia, that he had sent at least three letters to plaintiff apprising him of "updates to his case" and responding to his "queries." Declaration of Aldon L. Bolanos, filed August 16, 2013 (ECF No. 56-2) at 1-2. That declaration is dated August 12, 2013, prior to issuance of the Discovery and Scheduling order. In his March 13, 2014 motion for extension of time, plaintiff represents that on November 8, 2013, he received part of his case file and learned that no discovery had been conducted. There is nothing in the record from his former counsel certifying delivery of the complete file.

In the March 20, 2014 order, the magistrate judge denied plaintiff's motion to extend time to conduct discovery on the ground that plaintiff had not shown good cause to reopen discovery. The magistrate judge's order proceeds from the assumption that plaintiff was seeking to reopen

discovery; in fact, the motion was predicated on plaintiff's assertion that defendants had moved for summary judgment "before the discovery process even began." Motion for Enlargement, filed March 13, 2014 (ECF No. 66) at 1. The latter assertion is consistent with plaintiff's assertions that he never received the August 16, 2013 Discovery and Scheduling Order.

The August 16, 2013 Discovery and Scheduling order set a deadline of December 6, 2013 for completion of discovery, and required all discovery requests to be served sixty days prior to that date. See Order filed August 16, 2013 (ECF No. 55) at 5. Under the terms of that order, which was served on plaintiff by mail at a prison facility in Corcoran, California, discovery requests were to be served by October 7, 2013, one week after issuance of the magistrate judge's order granting counsel's motion to withdraw. Thus, even if plaintiff had received a copy of the Discovery and Scheduling Order, he would have had less than one week to prepare or serve any discovery requests.

Based on the foregoing, it appears that plaintiff has not had any opportunity to conduct discovery in this action. It further appears, however, that defendants' motion for summary judgment was filed in accordance with the schedule set in the August 16, 2013 Discovery and Scheduling Order, and that plaintiff has been served with a copy of that motion. Thus, plaintiff is now able to determine what facts are "essential to justify" his opposition to the motion for summary judgment, whether those facts are unavailable to him, and whether he requires discovery to obtain evidence of those facts. See Fed. R. Civ. P. 56(d).[1] Under the circumstances, plaintiff's general request to postpone consideration of defendants' motion for summary judgment must be supplemented by a request which demonstrates what specific discovery he requires to obtain facts "essential to justify" an opposition to defendants' motion for summary judgment.

---

[1] Fed. R. Civ. P. 56(d) provides:
(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

1  The court will grant plaintiff an additional period of thirty days in which to file either a
2  supplemental motion pursuant to Fed. R. Civ. P. 56(d) in accordance with this order or, if plaintiff
3  determines that he has sufficient evidence with which to oppose the summary judgment motion
4  without additional discovery, an opposition to defendants' motion for summary judgment.
5      In accordance with the above, IT IS HEREBY ORDERED that:
6      1. Plaintiff's April 21, 2014 request for reconsideration is granted;
7      2. Plaintiff is granted thirty days from the date of this order in which to file either a
8  supplemental motion pursuant to Fed. R. Civ. P. 56(d) in accordance with this order or an
9  opposition to defendants' motion for summary judgment.
10 DATED: May 14, 2014

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT