UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. XAVIER,<br><br>          Plaintiff,<br><br>     v.<br><br>M. FRENCH, et al.,<br><br>          Defendants. | No.  2:09-cv-0783 LKK CKD P<br><br><br>ORDER |

Plaintiff has filed a motion seeking clarification of the screening order issued June 5, 2014 regarding the operative fourth amended complaint ("FAC").  (ECF No. 80; see also ECF No. 81.) In that order, the undersigned found the FAC to state a claim "for deliberate indifference to serious medical needs against defendants French and Friend."  (ECF No. 77 at 2.)

As to defendant Debbie Holland, who was previously served in this action, the screening order noted that she was not named in the FAC.  (Id.)  In fact, in support of defendants' now-vacated motion for summary judgment, Holland declared:

> I do not believe that I am the person referred to in the [Third Amended Complaint].  I have never been a physical therapist.  I have never been to Susanville and I have never worked at High Desert State Prison.  To the best of my knowledge, I have never met Mr. Xavier and I have never examined him or participated in his medical care or treatment.

1

(ECF No. 65-3 at 2.) In apparent recognition of this error, plaintiff named a different defendant – physical therapist "R. Holland" – in the FAC. The undersigned recommended that defendant Debbie Holland be formally dismissed from this action, and she is no longer a party. (ECF Nos. 77, 81.)

As to named defendants R. Holland and S.M. Roche, the undersigned determined that plaintiff's allegations did not state a claim under § 1983. Nor did it appear that leave to amend was warranted as to these defendants, who have not been served and are not listed as active defendants in the docket of this action. (See ECF No. 29 at 1-2.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for clarification (ECF No. 80) is granted.

Dated: July 31, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / xavi0783.clarif